*(margin note:* PERKINS *v.* POTTS. *)*

---

## GEORGE BISCHOFF *v.* GASPARD THEURER.

T. sued his wife for a separation from bed and board, and in the same action sought to have annulled certain notes which he alleged had been given by him to her without consideration. He made B., who held the notes, a party, and charged that B. had notice that the notes were given without consideration. Subsequently B. sued T. on the notes, and T. pleaded *lis pendens; Held:* That the plea was good.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Schmidt*, for plaintiff. *Dufour*, for defendant.

ROST, J. In this case, the plea of *litis pendente* must be first noticed.

The defendant being sued upon three promissory notes made by him payable to his own order, pleaded in *limine litis*, as an exception, the pendency of another suit between the same parties, and for the same cause of action in a court of concurrent jurisdiction, which plea was overruled by the Court.

The action pleaded in bar to this suit, was instituted by the defendant against his wife, for a separation from bed and board, and also to annul the notes sued upon, on the ground that he had originally given them to his wife, without consideration, and that if the donation had been valid, his wife's misconduct and ingratitude entitled him to have it revoked.

The plaintiff and the house of *Dufour, Durand & Co.* were also made defendants, and the prayer against them was that they be compelled to return the notes, on the ground that they acquired them in bad faith. Of the merits of that controversy we know nothing, but we have no doubt of the right of the defendant, to plead the want of consideration of the notes, and the bad faith of the holder, as he has done, and if the defendants in that suit fail to falsify those pleas, and the case should be decided in his favor, the judgment there rendered, would form the thing adjudged, in the present litigation. Under the view we took in the case of *Dick et als.* v. *Gilmer*, administrator, 4 Ann. 520, this is the proper test of the exception of *litis pendente.*

This case does not materially differ as to facts from that of *Kline* v. *Freret;* the plaintiff *Kline* had brought suit on promissory notes given for land, the defendant pleaded the pendency of another suit in a Court of concurrent jurisdiction, brought by him to annul the sale and recover back the price, on the ground of fraud.

The plea was sustained by the District Court, and on appeal the judgment was affirmed. 5 Ann. 494. C. P. No. 335.

We are of opinion that the District Judge erred in overruling the exception.

It is therefore ordered that the judgment be recorded and the petition dismissed. It is further ordered that the plaintiff pay costs in both Courts.

