| 9 | 499 |
|---|-----|
| 46 | 986 |
| 9 | 499 |
| f119 | 710 |

| 9 | 499 |
|---|-----|
| 124 | 865 |

### Susan E. Compton, f. c. w. *v.* Scipio E. Compton, f. m. c.

A wife sued her husband for separation of bed and board; the husband responded, " that his wife had been unfaithful to the marriage bed; that she had committed acts of adultery since her marriage, and even since the institution of the suit." *Held :* The allegations of adultery were too vague to allow the introduction of evidence of any specific act of adultery—no particulars of time, place or person, being given.

APPEAL from the District Court of the Parish of Rapides, *Cushman,* J.
*Kelly & Isaacks,* for plaintiff. *Ryan & Hyman,* for defendant and appellant.

BUCHANAN, J. This appeal turns upon two bills of exceptions to the rejection of evidence, which substantially involve the same point.

On the trial, the defendant offered witnesses to prove, that the plaintiff, since the institution of this suit, committed an act of adultery with *John A. Stiphens,* and also, that plaintiff, at the time of this trial (6th May, 1854), is in a state of pregnancy.

The plaintiff sues the defendant for separation of bed and board, on the ground of illtreatment, by beating her, and turning her and her children out of doors, and neglecting to provide for their subsistence; also on that of gross and habitual intemperance.

Defendant pleads " that plaintiff has been unfaithful to the marriage bed; that she has committed acts of adultery since her marriage with defendant, and even since she instituted this suit." He demands a divorce.

We agree with the Judge below, that these allegations of adultery are entirely too vague to allow the introduction of evidence of any specific act of adultery. No particulars of time, place or person were given, which could have put the plaintiff on her guard, and rendered it possible for her to procure rebutting evidence. In a case of separation of bed and board, Chief Justice Eustis used the following language: " Vague and general alligations cannot support a petition in an ordinary civil suit. The cause of action, the object of

64

the demand, and the nature of the title, must be stated with such certainty as to apprise the defendant of every circumstance necessary to put him on his just defence, and to bar a subsequent investigation of matters once decided. Sound policy requires that there should be no relaxation of these rules in proceedings of this kind, which involve the fate of individuals, and the most important interests of society." 8 Ann. p. 15 and cases there cited.

Judgment affirmed, with costs.