Lemunier vs. McCearly.

## No. 9395.

### LOUIS LEMUNIER VS. MARTHA McCEARLY AND HUSBAND.

Where a marriage is dissolved by divorce, the custody of the child or children of the marriage is retained by the party obtaining the divorce, and it is not necessary that such custody should be specially awarded by the judgment.

And, where the wife obtains the divorce, she does not forfeit such custody by marrying again without being continued in the same by the advice of a family meeting.

A tutor or tutrix cannot be appointed to a minor child when both parents are living, though the marriage be dissolved by divorce.

A judgment rendered in chambers in a *habeas corpus* proceeding, instituted by the father of the child after divorce. directed against the mother obtaining the divorce, making her care of the child conditional, cannot be invoked as *res adjudicata* in a subsequent suit where additional issues are involved, when it appears that no cause for the restitution of her authority over or care of the child any longer exists.

APPEAL from the Ninth District Court for the Parish of Concordia. *Young*, J.

*J. N. Luce* and *Steele & Garrett* for Plaintiff and Appellee.

*James G. Leach* for Defendant and Appellant.

The opinion of the Court was delivered by

#### ON MOTION TO DISMISS.

TODD, J. This motion is on the ground that the appeal is taken by Mrs. McCearly alone without the authorization of her husband in the court.

Both husband and wife were joined in the suit, and jointly answered in the lower court. The wife has appealed.

In the case of Hill & Co., vs. Trippelt and wife, 10 Ann., 554, exactly similar in the respects mentioned to the present one, it was held, (quoting): "That the defendants having been both joined in this suit by plaintiffs and appellees, and having both appeared and defended the same, the authorization of the husband to the wife to take the appeal (which was by motion) must be inferred."

We think this ruling correct, and the motion to dismiss is therefore denied.

-----

### ON THE MERITS.

The plaintiff and the defendant Martha E. Hornsby, now Mrs. McCearly, were united in marriage September 13, 1870.

There was issue of this marriage one daughter, born July 14, 1871.

The parties were separated from bed and board by a decree rendered 23rd September, 1872, which was followed by decree of divorce of date 21st November, 1873, both judgments in the suit of the wife and in her favor.

In May, 1880, the defendant contracted a second marriage with her present husband, A. J. McCearly.

The child born of the first marriage has remained with her mother or in her custody, and been maintained by her since her divorce.

The plaintiff on the 13th of September, 1883, instituted the present suit, the object of which is to have his daughter restored to his possession and tutelage.

He bases his action substantially on the following charges:

That the wife has contracted a second marriage without being continued in the tutorship of the child by the advice of a family meeting, that she and her husband are without means to support the child, being burdened with two other children born of their marriage; that they are not proper custodians of the child; that her education is being neglected as well as her moral and religious training; that the defendant and her husband are engaged in keeping a retail store and grocery, where whiskey is sold, and which is patronized by negroes of the lowest class, and that the child at times is required to deal out whiskey to the customers.

The defendant in her answer denies generally and specially all the allegations of the petition, at least as respects the charges therein preferred of neglect or improper rearing of the child, and further pleads a certain judgment rendered in July, 1880, as *res adjudicata* aginst plaintiff's demand in the present suit.

There was judgment awarding the defendant "temporarily" "or for the present" the custody and tutelage of the child, upon condition that the plaintiff should be permitted to see the child at all times without let or hindrance, and reserving to the plaintiff in the event that this condition was violated, to demand a modification or amendment of the judgment and condemning the defendant to pay costs of suit. From this judgment she appeals, and the plaintiff asks an amendment of the judgment, granting in full the prayer of his petition touching the restoration of the child to his care and custody.

A critical examination of the evidence satisfies us that the plaintiff's charges presented in his petition are not sustained, and are in fact disproved, respecting the alleged neglect of the child and the want of means on the part of her mother to support her.

It is shown that the child has been tenderly cared for, and for nearly five years has been attending an excellent school, the R. E. Lee Female College, at Summit, Miss., and is well advanced in her studies; that she is supplied with everything suitable to her age and condition; and boards with a lady relative of the defendant's present husband, who gives every attention to her comforts and moral or religious training, and where she is visited twice a year by her mother.

In all this time she has only been at her house in Louisiana a few weeks, for sufficient reasons assigned by her mother, unnecessary here to repeat; and the charge that she has ever been required to do any improper service in the store or grocery, is entirely disproved.

The alleged forfeiture of the tutorship of the child by the mother on account of her second marriage, is not argued by plaintiff's counsel, and is presumed to be abandoned. The question of tutorship does not properly arise in this case.

The prohibition against the wife retaining the tutorship, where she marries again, without being continued therein, by the advice of a family meeting, applies to cases where the marriage has been dissolved by the death of the husband. Where both parents are living, the tutorship proper cannot be conferred on either parent. Acosta vs. Rolin, 7 N. S. 387; Carlléteau vs. Tugouf, 14 Ann., 623.

It is true, that the amendment to the Code now part of Art. 157, declares "that in all cases of divorce, the minor children shall be placed under the tutorship of that party who shall have obtained the divorce;" but the word "tutorship" as there used, means evidently tutelage or control and is not attended with the legal effects that result from tutorship by nature or from appointment of the judge.

From the above conclusions of law and fact announced, we might at once determine the case in favor of the defendant, Mrs. McCearley, by simply declaring the legal effect of the clause in Art. 157, C. C., above quoted, entitling her, without being so expressed in the judgment of divorce in her favor, to the care, control and tutelage of her child, but for the plea of *res adjudicata* set up by defendant, and which seems to be relied on by both parties to the suit as favoring their respective demands.

This plea is founded in a *habeas corpus* proceeding, prosecuted by the plaintiff in 1880, to obtain the custody of the child.

The judgment therein, which was rendered in chambers, awarded the temporary possession and control of the child to the defendant, but reserved the right to the plaintiff to visit her at will.

The plaintiff contends that the effect of that judgment, by denying the permanent custody of the child to the defendant adjudged that the mother's possession and control of it should be only temporary and contemplated that ultimately the child should be restored to him.

The defendant's contention is, that the words "temporary or for the present" were mere surplusage, and gave the mother the control of the child during her entire minority. It is necessary that we should give our construction of the judgment—conceding that such a judgment rendered in such a proceeding and in chambers, could serve as a basis for the plea in question—upon which we express no opinion.

Its effect is to be determined by the condition of matters existing at that time, and the charges then advanced by the plaintiff, in support of his pretensions.

It determined who, at that time, was entitled to the care and control of the child, under the state of facts then existing, and the charges then made. Some three years elapsed from the date of that judgment to the institution of the present suit, and the circumstances of the parties had in the mean time changed. For instance, the child at the date of the first proceeding, had not been sent to school, and this fact gave some color to the charge made by plaintiff against defendant of neglect in this important respect, and this might have been the cause that influenced the judge to place the restriction mentioned, on the right of the mother, respecting the custody of the child.

In the present suit other or additional grounds than those contained in his former proceeding, are set up as supporting his pretensions, and other and different issues thus raised. For instance, he alleges the

forfeiture of the mother's right to the child by her second marriage; her having other children to support; the surrounding the child with evil influences and degrading associations, and compelling her to render vile services in the defendant's business. So that, in whatever light we may view the two proceedings, we cannot well construe the first judgment as decisive of matters that had then no existence, and of issues that had then not arisen.

We find that the causes that might have then induced a limitation of the power and right of the mother over her child and which resulted from her judgment of divorce, no longer exist. The child as before stated, has been properly maintained and tenderly cared for, and afforded exceptional advantages of education for her mother's means and condition in life.

The former judgment invoked, denied the plaintiff the custody of the child, whilst it restricted the right of the defendant to a temporary care and control of the child.

The restriction in that judgment, whether right or wrong, could not and did not, compel a like restriction in the judgment now before us under different conditions and state of facts, as we have shown, and whilst we may recognize it as *res adjudicata* as to the matters and issues there existing, it can have no legal effect upon those now shown in the instant case. For, as stated, we think there is no cause for any limitation or restrictions over the rights of the defendant, touching the care and control of her child.

The legal operation of her judgment gave her the tutelage and care of the child, and we find no grounds for disturbing or impairing the effect of that judgment, and such effect must continue during the minority of the child, unless a just or legal cause arises for abridging or divesting the right of the mother in the premises.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court, so far as it rejects the demand of the plaintiff be affirmed, and so far as it declares the defendant's possession, control and tutelage of the child Blanche E. Lemunier, temporary and conditional, it be reversed, and it is now ordered, adjudged and decreed, that the said defendant, Martha E. McCearly, be and she is hereby declared to be entitled to the custody, control and tutelage of said child. The plaintiff to pay costs of both courts.