(47 South. 681.)

No. 17,088.

HOULTON v. McGUIRK.

(Nov. 30, 1908.)

1. APPEAL AND ERROR (§ 612*)—RECORD—CERTIFICATE—CONSTRUCTION.

A clerk certified that the foregoing pages contained a true, correct, and complete transcript of all the proceedings had, documents filed, and evidence adduced on the trial of the above entitled and numbered cause instituted in the court specified "and now in the record thereof." *Held*, that the words quoted modified the word "cause," and not "all the proceedings had, documents filed, and evidence adduced," and that the certificate was therefore sufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2698–2701; Dec. Dig. § 612.*]

2. DIVORCE (§ 115*)—ADULTERY—ADULTEROUS DISPOSITION.

In an action for divorce for adultery, evidence of incidents showing defendant's adulterous disposition, though not connected in time or place with the alleged act of adultery, are relevant to add to the probability of her having committed the acts relied on.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 373; Dec. Dig. § 115.*]

3. DIVORCE (§ 129*)—ADULTERY—EVIDENCE.

In an action for divorce for adultery, evidence *held* sufficient to sustain a finding of defendant's guilt.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 411; Dec. Dig. § 129.*]

4. DIVORCE (§ 124*) — EVIDENCE — PRESUMPTIONS.

In an action for divorce for adultery, evidence that plaintiff and defendant were living together as husband and wife, and passed as such in the community in which they lived, created a presumption of marriage which was sufficient proof thereof, in the absence of any denial.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 396; Dec. Dig. § 124.*]

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; Thomas Moore Burns, Judge.

Action by William H. Houlton against Mrs. Annie McGuirk for divorce. Judgment for plaintiff, and defendant appeals. Affirmed.

Carroll, Henderson & Carroll and William Aristée Wenck, for appellant. Ellis & White, for appellee.

PROVOSTY, J. This suit is brought by husband against wife for a divorce on the ground of adultery. Judgment in the lower court went for plaintiff, granting the divorce; and the appeal is by defendant.

Plaintiff moves to dismiss the appeal on the ground of insufficiency of the clerk's certificate to the transcript. The certificate reads as follows:

"Do hereby certify that the foregoing pages contain a true, correct and complete transcript of all the proceedings had, documents filed, and evidence adduced upon the trial of the above entitled and numbered cause, instituted in this court and now in the record thereof."

Plaintiff contends that the clause, "and now in the records thereof," modifies "all the proceedings had, documents filed and evidence adduced"; while defendant contends that the said clause modifies "cause." We agree with defendant; and think the certificate sufficient.

On the merits we think the judgment must be affirmed. The adultery is testified to by two eyewitnesses, and the transcript reeks with incidents showing an adulterous disposition on the part of defendant.

These incidents, although not connected in time or place with the alleged act of adultery, are nevertheless relevant, in that they go to show a disposition on the part of defendant to commit the offense, and add to the probability of her having done so. 11 A. & E. E. of L. 754; 14 Cyc. 694.

The eyewitnesses were two detectives who had been employed by the husband to shadow the defendant. Their testimony is sought to be discredited; but it is uncontradicted to the extent that defendant and a man other than her husband were in one of the closed winerooms of a saloon which is situated near the red light district, and is said by one of the employés in it to be frequented mostly by people from that district; and it is corroborated in respect to what took place in that room by the testimony of a totally disinterested and apparently entirely reliable witness

who saw the couple kissing and hugging, and "get thicker," and make preparation for the consummation of their offense, and who, no doubt, would have seen all that the detectives say they saw if he had not at that moment withdrawn his eye from the aperture through which he had been looking in order to make room for one of the detectives while the other was peeping through the keyhole.

Defendant's learned counsel suggest that there is no proof of the marriage. But we find there is, since the record shows that plaintiff and defendant were living together as husband and wife, and passed as such in the community in which they lived. This gives rise to a presumption of marriage which in a case of this kind is sufficient proof in the absence of any denial. The court does not wish to be understood as holding that such proof was necessary in the absence of denial. That question is left open.

Judgment affirmed.

BREAUX, C. J. I concur in the decree.