(88 South. 701)

No. 24651.

## LORSON v. MADERE.

## Ex parte MADERE.

(May 12, 1921.)

*(Syllabus by Editorial Staff.)*

1. Divorce ⬤══289, 311—Wife may proceed in suit for divorce for support of children; contempt to refuse support decreed.

Wife has the right to proceed for support of her children in her suit for divorce against her husband, and the district judge has power to punish in contempt proceedings, based upon husband's refusal to pay to support minor children.

2. Divorce ⬤══311—Defendant may go into original divorce proceeding to ask for modification of judgment or in payment for support of children.

In a proceeding by divorced wife to require her former husband to pay for support of children as required by decree, it was the defendant's right to go into the original proceeding and ask for a modification of the judgment, ordering him to pay the amount in question, by alleging the cause which rendered him unable to then meet the terms of the judgment.

3. Divorce ⬤══311—Divorced husband held entitled to show inability to comply with judgment condemning him to pay for support of children in contempt proceeding.

In a contempt proceeding against divorced husband, arising out of husband's failure to

pay a certain amount for the support of his children as provided by the judgment of divorce, court erred in not permitting the husband to show inability to comply with the order or judgment condemning him to pay such amount, under Act No. 189 of 1898.

Application by Horace A. Madere for a writ of habeas corpus to obtain release from custody under sentence for contempt in a proceeding by Mrs. Anna Lorson. Sentence set aside, and applicant released from custody.

Arthur Landry, of New Orleans, for applicant.

SOMMERVILLE, J. Relator asks to be released from prison and to have his liberty restored to him, and that the order of the judge of the civil district court, division B, under which he is held in custody, be declared to be illegal, null and void, and of no effect. The respondent judge, answering, says that the proceedings under which relator was sentenced were entirely regular, and that relator was condemned to serve 10 days in prison under a rule for contempt sued out by his divorced wife for refusing to pay for the support of their minor children, which had been awarded in the proceedings for divorce instituted by the wife.

The respondent judge shows that after a judgment had been rendered, condemning respondent to pay $60 per month for his children's support, relator filed a rule, asking that the amount be reduced to $50 per month, which rule was duly heard and tried on February 25, 1921, and that relator had a right to appeal from the judgment dismissing the rule, which he did not do, but that he disregarded the authority of the court over which respondent presides by deliberately substituting his judgment for the judgment of the court.

Up to this stage the proceedings appear to have been regular, but relator complains that

when the rule for contempt was filed by his divorced wife he excepted thereto on the ground that it disclosed no cause of action; that the case was closed by a final judgment which could not be enforced by contempt proceedings; that only in a separate suit could a judgment for alimony for the minor children be obtained and be rendered against him; that he is unable to pay the amount of alimony which had been decreed to be paid by him; and that when he attempted to show that he was unable to pay said amount and objection was made by counsel for the divorced wife, the same was maintained, and relator was not permitted to testify and give his reasons for his inability to pay said alimony.

[1] As to the right of the wife to proceed for support of her children in her suit for divorce against her husband, it has been recognized and approved in the case of State ex rel. Huber v. King, Judge, 49 La. Ann. 1503, 22 South. 887. And in that same case is recognized the power of the district judge to punish in contempt proceedings based upon refusal to pay to support minor children. The Huber Case is in line with other authorities appearing in C. J. vol. 19, at paragraph 692, page 299, where it is said:

"A court of chancery has power, by attachment of the person, to enforce a decree for the payment of alimony. * * * The power to enforce a decree for permanent alimony by attachment belongs inherently to a court having jurisdiction of divorce suits, even after the term at which the decree was rendered."

And again, in section 701, p. 305, of the same volume, it is said:

"The court awarding alimony has inherent power to enforce payment by contempt proceedings."

And again we find in section 812, p. 353, the following:

"Cases concerning the support of children after the divorce of the parents may be divided into three classes: First, where the decree

149 LA.—4

is silent as to both the custody and the maintenance of the child; second, where the decree provides for the custody of the child but is silent as to its maintenance; and third, where the decree not only provides for the custody but also requires the payment of money for the maintenance of the child. Where the duty of support rests upon the father, he may be required to contribute to the support of the children from and after the commencement of an application made for that purpose; and such action may be by motion or supplemental petition in the original suit, or by an independent suit."

In this state it is made the duty of the father to support his children, and there was a judgment in the main suit decreeing that he should do so by ordering him to pay $60 a month. The proceeding was entirely regular.

In section 818, p. 357, of the same volume of C. J., it is provided:

"Except in some jurisdictions, the court should, and usually does, at the time of granting the divorce, make suitable provision for the support of the minor children, the custody of whom is awarded to the mother; and she should not be compelled to resort to a separate action to enforce the father's common-law duty to support his child. The power of the court to make an order for the support is limited to the condition existing at the time the order is made. On the wife's motion for alimony and provision for a child the court may order the husband to pay separate sums for the support of both. The order for support is not vitiated by irregularities which result in no prejudice to either party."

[2] It was relator's right to go into the original divorce proceedings and ask for a modification of the judgment ordering him to pay $60 per month to support his children, by alleging the cause which rendered him unable to then meet the terms of the judgment. Sections 820, 821, C. J., p. 359, vol. 19, say:

"The proper practice in securing a modification of an order or decree for the support of children is by application in the original action, and not by commencement of an inde-

.pendent suit upon a new complaint. On such a motion the trial court should limit the scope to matters occurring after the granting of the divorce. But the court is not limited to any particular line of inquiry, and is not bound by the strict legal rules governing the introduction of evidence, and its orders and directions in that respect cannot be subject to the same legal tests usually applicable in the trial of causes. It is discretionary with the court whether the evidence bearing upon the question shall be in the nature of affidavits or duly sworn and examined witnesses.

"Payment of an allowance for the support of children is usually enforced in the same manner as payment of an allowance for alimony."

[3] But, with reference to the trial of the rule for contempt, the evidence offered by defendant to show his inability to comply with the order or judgment condemning him to provide for the support of his children, at the time that the judgment was rendered, was competent under Act 189 of 1898, p. 435, which provides:

"That failure to obey an order or judgment of court, when such order or judgment is in effect an order or judgment for the payment of money, shall not be construed as a contempt, if it appears that the failure to obey is due to inability to comply with the order or judgment which inability existed when the order or judgment was rendered."

This statute takes the trial of rules for contempt out of the line of authorities in other jurisdictions, and relator was entitled to be heard again on this point when the rule for contempt was being tried.

It is therefore ordered that the sentence imposed by the respondent judge be set aside, and the applicant released from custody, and that the rule in question be reinstated with instructions to the respondent judge to hear the evidence which may be offered upon the question of his ability to pay the alimony demanded, and upon that evidence to determine the said question, and render such judgment as may be thereby authorized.