ST. PAUL, J.
Plaintiffs sued J. W. Lyon and three others for $11,000 damages, being the difference between the price for which the heirs of one I. L. Helpman sold certain real estate and the price at which J. W. Lyon, representing himself as their agent, had agreed to sell it to plaintiffs. The trial judge dismissed the suit as showing no cause of action.
*638 I.
The alleged cause of action against J. W. Lyon is that he had “no authority from the other heirs, and thereby became personally liable”; but the record fails to disclose that J. W. Lyon was cited or appeared in any way in the suit, and as to him there was nothing justiciable before the court below, nor is there now before this court. The judgment of the lower court does not, therefore, extend beyond dismissing the suit as to the other three defendants who did file exceptions of no cause of action. As to J. W. Lyon, no judgment whatever could be rendered.
II.
The alleged cause of action against the other three defendants is that they “ratified and approved” the sale. But no facts whatever are alleged to show such ratification and approval. The alleged ratification and approval is therefore a mere conclusion of the pleader, drawn from facts not stated, and which may or may not follow. And such a petition no more states a cause of action than one in which a petitioner would allege that defendant was indebted to him in such a sum, but without stating the grounds of such indebtedness.
In Seghers v. Lemaitre, 5 La. Ann. 263, this court said:
“The defendants excepted to the petition on the ground that it showed no cause of action. * * * This exception 'was sustained in the court below. * * * We are of opinion that the grounds of action assigned are insufficient, by reason of their vagueness and generality, and that the judgment must, for that reason, be affirmed. * * * Looseness of practice is a growing evil, which we deem it our duty to remedy.”
In Perkins v. Potts, 8 La. Ann. 15, and again in Compton v, Compton, 9 La. Ann. 499, the court said:
“Vague and general allegations cannot support a petition in an ordinary civil suit.”
In Oldham v. Croghan, 3 Mart. (N. S.) 517, the court said:
“It is sufficient to apprise the adversary of the facts on which a claim is set up against him. The legal consequences resulting from them may be shown on the trial.” (Italics by Porter, J.)
III.
But, aside from this, the presumption (if any presumption whatever may be drawn from allegations so vague and general) is that the three defendants meant to ratify and approve the sale only as to their interest in the property. And the petition nowhere even suggests that plaintiffs were ready and willing to take title to an undivided interest in the property, or to anything less than the whole property. The allegation is simply, that petitioners—
“have been at all times ready and willing to accept said sale and pay the price, and have demanded of said parties a title to said ¡property, but they refuse to make title to your petitioners, and have sold said property to other parties.” (Italics ours.)
IV.
We are therefore of opinion that the petition discloses no cause of action against the three other defendants. As to J. W. Lyon (as we have already said), there was nothing pending before the lower court, nor is there here.
Decree.
The judgment appealed from is therefore affirmed.