(116 So. 385)

No. 26882.

## HIGGINS v. DOBARD.

March 12, 1928.

*(Syllabus by Editorial Staff.)*

1. **Divorce** ⊚⟫108—**In suit for divorce where one act of adultery was alleged, testimony to act alleged to have been subsequently committed held inadmissible.**

In suit for divorce on ground of adultery where only one specific act of adultery was alleged to have been committed by wife, testimony offered by husband to prove act of adultery committed about a year later was inadmissible.

2. **Divorce** ⊚⟫108—**Plaintiff in suit for divorce on ground of adultery may not introduce as substantive evidence proof of act of adultery not alleged.**

It is not permissible for plaintiff in action for divorce on ground of adultery to introduce as substantive evidence any proof of an act of adultery not alleged.

3. **Divorce** ⊚⟫115—**In suit for divorce if testimony to act of adultery charged is tendered, subsequent acts may be used to show adulterous disposition.**

In suit for divorce on ground of adultery if testimony as to specific act of adultery is tendered, subsequent acts, although not connected in time and place with act alleged, are admissible in evidence and relevant in that they go to show a disposition on part of defendant to commit offense and add to probability of having done so.

Appeal from Civil District Court, Parish of Orleans; M. M. Boatner, Judge.

Suit by Haman W. Higgins against Sophia Dobard for divorce. From a judgment re-jecting his demands, plaintiff appeals. Affirmed.

J. A. Morales, Josiah Gross, and James D. McGovern, all of New Orleans, for appellant.

LAND, J. This is a suit for divorce based upon the ground of adultery. Plaintiff has appealed from a judgment rejecting his demands.

Plaintiff and defendant were married July 22, 1917. The present suit was brought by plaintiff April 17, 1923. It is alleged that the defendant had abandoned plaintiff without just cause, and on sundry occasions and at sundry places had committed open acts of adultery.

The only specific act of adultery alleged is charged to have been committed by defendant with one George Dixon at Bolivar street, between Gravier and Perdido streets, in the city of New Orleans, about May 14, 1921.

Plaintiff also alleges in his petition that since September, 1919, defendant has committed various acts of adultery in the city of New Orleans with one Joseph Pardo, at 1956 Perdido street.

Although the allegations as to these last acts of adultery are too vague to admit of any proof in support of them, evidence as to these acts was received without objection. We agree with the trial judge that the evidence adduced falls short of proving any act of adultery committed by defendant with Joe Pardo.

[1] On the trial of the case the only testimony offered by plaintiff to prove the specific act of adultery, charged to have been committed by defendant with George Dixon about May 14, 1921, related to an act of adultery committed on May 11, 1922, or a year later.

This testimony was objected to, as no charge of adultery on that date had been made in the petition. The testimony was admitted solely to establish the adulterous disposition of the defendant, but, after hearing

all of the evidence, the trial judge rejected plaintiff's demand as the testimony did not respond to the allegations of the petition as to the specific charge.

We find no error in the view of the case taken by the court below.

In a suit for divorce on the ground of adultery, it is incumbent on plaintiff to mention the name of the person with whom the adultery has been committed and to give full particulars of time and place, so as to put defendant on guard. Compton v. Compton, 9 La. Ann. 499; Perkins v. Potts, 8 La. Ann. 15.

[2, 3] It is not permissible, therefore, for plaintiff to introduce, as substantive evidence, any proof of an act of adultery not alleged. If testimony as to the specific act of adultery charged is tendered, subsequent acts of adultery, although not connected in time or place with the alleged act, are admissible in evidence and are relevant in that they go to show a disposition on the part of the defendant to commit the offense, and add to the probability of her having done so. Houlton v. McGuirk, 122 La. 359, 47 So. 681, 16 Ann. Cas. 1117.

Judgment affirmed.

O'NIELL, C. J., concurs in the decree, but not in the concluding sentence in the majority opinion.