143 So. 710

## JACQUET v. DISIMONE.

No. 31813.

July 20, 1932.

Rehearing Denied Oct. 4, 1932.

L. H. Gosserand, of New Orleans, for appellant.

Neil A. Armstrong, Jr., of New Orleans, for appellee.

**ROGERS, J.**

Mrs. Emma Louise Disimone (born Jacquet) obtained a judgment of separation from bed and board and one year later a judgment of divorce from her husband Frank Sorrell

Disimone. In both judgments, Mrs. Disimone was awarded the custody of the minor, Malcolm Sorrell Disimone, the sole issue of her marriage with the defendant.

Defendant did not appeal from the judgment of divorce within the thirty days allowed by law. Act No. 49 of 1871. But shortly after the delay had expired he applied to the court contradictorily with his wife for a modification of the judgment so as to permit him to see and to take out at reasonable hours his child. The application was denied, and defendant appealed.

The judge of the district court predicated his ruling on Act No. 74 of 1924 amending article 157 of the Civil Code providing for the custody of children in cases of separation or divorce by adding thereto the following provision, viz.: "The party under whose care a child or children is placed, or to whose care a child or children has been entrusted, shall of right become natural tutor or tutrix of said child or children to the same extent and with the same effect as if the other party had died." And he held that the moment the custody of the child was awarded to Mrs. Disimone, and the thirty days allowed for an appeal had elapsed, she became of right under the statute natural tutrix, and the court was powerless to interfere with her management or control of the child.

But the judgment of divorce did not have the effect of divesting defendant of his fatherhood, and the child is still his child, notwithstanding its custody was awarded to the mother.

A parent against whom an adverse judgment of divorce has been rendered possesses certain natural rights with respect to his child whose custody is given to the other parent. One of these is the right of access to his child. And the exercise of this right under such reasonable restrictions as the circumstances warrant within the discretion of the court should not be withheld, unless the parent has forfeited the privilege by his conduct, or unless the exercise of the privilege would injuriously affect the welfare of the child.

In the year 1924, the Legislature enacted a series of statutes relative to the custody and tutorship of minor children. Act No. 72, amending article 246 of the Civil Code, provides for the appointment of tutors to unemancipated minors after the dissolution of the marriage of their parents or the separation from bed and board of either one of them from the other. Act No. 74, amending article 157 of the Civil Code, is the act herein relied on by Mrs. Disimone and construed by the judge of the district court. Act No. 196, amending article 250 of the Civil Code, provides that, upon divorce or judicial separation from bed and board, the tutorship of a minor child belongs of right to the parent to whose care it has been intrusted; such tutorship being called tutorship by nature. Act No. 197 of 1924, amending article 221 of the Civil Code, provides for the father's administration of the child's estate during marriage, unless he is interdicted or absent, which administration ceases on the majority or emancipation of the child and also upon the judicial separation from bed and board of the spouses.

The settled jurisprudence is that a judgment granting to either parent the care and custody of his or her minor children in

a decree of divorce is not irrevocable. It is subject to modification at any time when a change of conditions demands it. Pullen v. Pullen, 161 La. 721, 109 So. 400, and authorities therein cited.

We do not think it was the intention of the Legislature to wholly overrule this jurisprudence by the enactment in 1924 of the statutes hereinabove referred to. Prior to the adoption of these statutes, neither a tutor nor tutrix could be appointed to a minor child when both parents were living, though the marriage was dissolved by divorce. Acosta v. Robin, 7 Mart. (N. S.) 387; Cailleteau v. Ingouf, 14 La. Ann. 623, 624; Lemunier v. McCearly, 37 La. Ann. 133, 135. And the father was during the marriage the administrator of the estate of his minor children, even when the wife obtained a judgment of separation of bed and board, and was awarded the custody of their minor children. The primary purpose of the legislation, it seems to us, was to make that certain which was theretofore uncertain, and to definitely specify the person charged with the control and administration of the minor's property as well as with the care of his person in cases of judicial separation and divorce. Although the person so designated is clothed with all the rights of a tutor, that does not mean, as we view it, that he or she can wholly disregard the rights of the parent against whom the judgment was rendered, and deny him or her, as the case may be, the privilege of seeing the children and of gratifying his or her parental affection. It would be cruel and inhuman to deny a parent this privilege.

■ Mr. Disimone is not attacking the judgment awarding the custody of his child to its mother, nor her legal relationship as tutrix flowing from the judgment. All that he asks is that his natural relation of father be recognized, and that he be permitted to see his child. We think he is entitled to this under reasonable regulations to be established by the court, unless it be shown to the satisfaction of the court that his association with the child will not be for the good of the child.

For the reasons assigned, the judgment appealed from is annulled, and the case is remanded to the district court for further proceedings consistent with the views herein expressed.