165 So. 189

**SHIPP v. SHIPP.**

No. 33426.

Dec. 2, 1935.

Rehearing Denied Jan. 6, 1936.

Sholars & Gunby, of Monroe, for appellant.

Thompson & Thompson, of Monroe, and Taylor, Porter & Brooks, of Baton Rouge, for appellee.

HIGGINS, Justice.

Plaintiff instituted this action against her husband for a divorce on the grounds of adultery, alleged to have been committed on three different occasions, seeking the permanent custody of her two minor children, permanent alimony for herself and the children, an injunction, the dissolution and liquidation of the community of acquêts and gains, and a reasonable attorneys' fee.

The defendant denied the charges of unfaithfulness, and in reconvention sought a divorce from his wife on the grounds of adultery, alleged to have been committed on several occasions, and for the custody of his minor children.

There was judgment in favor of the plaintiff, as prayed for, the alimony being fixed at the rate of $150 per month, and the attorneys' fee at the sum of $750, and the reconventional demand was dismissed.

Defendant appealed, and plaintiff has answered the appeal, asking that the court consider the other charges of adultery, in the event it disagrees with the conclusions of the trial judge, and that the judgment be amended by increasing the attorneys' fee from the sum of $750 to $1,-000.

This case was considered by this court on an appeal from the judgment fixing alimony pendente lite at $150 per month. Shipp v. Shipp, 180 La. 881, 158 So. 5. The matter was also considered on a motion to dismiss the appeal, which was denied. Shipp v. Shipp, 182 La. 1019, 162 So. 760.

The record shows that the parties were married on August 23, 1926, at Baton Rouge, La., and established the matrimonial domicile at Wisner, in the parish of Franklin; that there were two children born of the marriage, William Carl Shipp, on August 9, 1930, and Reginald Lee Shipp, on October 18, 1933; that the couple lived with the husband's parents; and that about the time the difficulty arose between them, during April, 1934, plaintiff's parents moved from California to Baton Rouge, and she went to live with them, taking the two children.

In the original petition filed on June 25, 1934, plaintiff charged the defendant with infidelity with a certain named young woman on June 11 and 12, 1934, at certain designated places, and in a supplemental petition filed on December 29, 1934, with having committed adultery in the city of New Orleans, in an immoral house on Iberville street, on the night following the football game between Louisiana State and Tulane Universities, in the year 1932, with a woman whose name was unknown to petitioner, but who was an inmate of the house. The petition also alleges that defendant was unfaithful on May 8, 1931, at 15 China street, in the city of Vicksburg, Miss., where he had illicit relations with a scarlet woman in an assigna-

tion house; the name of the woman being unknown to petitioner.

Defendant objected to the filing of the supplemental petition on the ground that it changed the issue and came after issue was joined. The objection was overruled by the trial court.

We are of the opinion that the ruling of the district judge is correct, because the supplementary petition did not change the issue, i. e., the question of whether or not the defendant was unfaithful, but simply alleged two additional charges of unfaithfulness.

Defendant also complained that the supplemental petition was vague and indefinite and that the plaintiff should be compelled to name the alleged co-respondents. The law is clear that where the plaintiff knows the name of the partner in the illicit relations, plaintiff is required to allege it. Succession of Hernandez, 46 La. Ann. 962, 986, 15 So. 461, 24 L.R.A. 831; Jenkins v. Maier, 118 La. 130, 42 So. 722; Succession of Gabisso, 119 La. 704, 710, 44 So. 438, 11 L.R.A. (N.S.) 1082, 121 Am.St.Rep. 529, 12 Ann.Cas. 574; Higgins v. Dobard, 165 La. 923, 925, 116 So. 385; Succession of Knupfer, 174 La. 1048, 142 So. 609, 610.

The law does not require the plaintiff to do the impossible thing, and if the plaintiff alleges that the name of the corespondent, an inmate of a house of prostitution, is unknown, that is sufficient, and she is entitled to prove the alleged unfaithfulness of her husband. 9 R.C.L. 419; 19 C.J. 110; Irby v. Irby, 146 La. 747, 84 So. 41.

On the merits of the case, the trial court concluded that the plaintiff had adequately proved the charges contained in the supplemental petition, and found it unnecessary to decide the case with reference to the evidence in support of the charges in the original petition.

The plaintiff, to prove the charges of adultery in the immoral houses, offered the testimony of several parties who were with the defendant on those occasions. Their testimony, in substance, is that defendant was seen dancing and drinking with an inmate of the place, in the living room, where she also sat on his lap, and thereafter retired with her to another part of the house remaining away about 25 minutes, and then returning with her to the living room. It is our opinion that the charges were proved by a preponderance of the evidence.

Defendant counsel argue, in the alternative, that the plaintiff condoned the offenses. We are convinced that the plaintiff did not condone her husband's conduct and left him, after having been apprised of his behavior, as soon as she was in a position to do so. Smith v. Smith, 155 La. 647, 99 So. 492; Mischler v. Duchman, 159 La. 478, 105 So. 559; Vicknair v. Terracina, 164 La. 117, 113 So. 787.

The testimony in support of the reconventional demand is of such a character that the trial judge states he was unfavorably impressed and rejected it. The record shows that the plaintiff is a refined lady

of excellent character. In order to give any credence to the testimony of the defendant's witnesses, with reference to her alleged immoral conduct, one would have to conclude that she was a very loose and common person. This view is entirely inconsistent with the convincing evidence in the record. The learned trial judge properly declined to give any effect to it.

■ From what we have already said, it is evident that the judgment is correct, in awarding the permanent custody and possession of the children to the mother. However, we feel that the judgment should be modified, in order to allow the father to see or visit the children, if, upon a rule taken by the defendant in the district court, it is shown that the safety, welfare, and well-being of the children will not be jeopardized. Jacquet v. Disimone, 175 La. 617, 143 So. 710, 711.

The judgment of divorce necessarily carries with it a dissolution of the community of acquêts and gains, but the liquidation thereof must be effected through a proper proceeding in the district court. It is, therefore, a matter for the future attention of the parties and the trial judge.

■ With reference to the attorneys' fees, there is evidence of an experienced attorney that the sum of $1,000 would be reasonable, taking into consideration the liquidation of the community. Defendant's able counsel admit that they have been paid $500 on account of their fee. The case was bitterly contested throughout and the record consists of four volumes. There was an appeal from the judgment fixing

alimony pendente lite, which was finally settled in this court. There was also a motion to dismiss the appeal filed by the defendant, which required our attention, as well as the present appeal, which is now being considered. We see no reason to disturb the amount, i. e., $750.00, fixed by the trial judge. Daly & Hamlin v. Trascher, 163 La. 660, 112 So. 521; Pomes v. Burglass, 169 La. 591, 125 So. 628; Gosserand v. Monteleone, 164 La. 397, 113 So. 889; Benedict et al. v. Holmes, 104 La. 528, 29 So. 256.

The district judge allowed the sum of $150 per month alimony for the wife and two children, who live with plaintiff's parents. The expenses of maintaining the household are prorated and paid by the plaintiff out of her earnings from temporary employment, and the remittances of $50 made from time to time by the defendant. The plaintiff and her children have had to live under very frugal circumstances. She showed the scale on which she and her children were accustomed to live at the time that they were maintained by her husband, whose financial circumstances have not changed, except that the partnership which owned and operated the wholesale and retail grocery business and retail motor company was incorporated immediately after plaintiff and defendant separated. It appears that defendant maintained his wife and children in a very comfortable manner at the home of his parents, paying all expenses. He also owned and operated a Studebaker sedan automobile, which he used both for pleasure and business purposes.

█ We conclude, as we did in our opinion with reference to alimony pendente lite, that the plaintiff has established a necessity for living expenses amounting to $150 per month.

On account of the record not revealing the correct amount of the defendant's income, we experienced again the same difficulty that we had with reference to fixing the alimony pendente lite. Plaintiff's attorneys attempted to show the amount of the defendant's income from his various investments and salary, by causing a subpœna duces tecum to be issued for the records which should have contained this information. Defendant, in response to this writ, produced some of the records, and when he and the bookkeeper were placed on the stand for the purpose of cross-examination with reference to the records, and especially defendant's income tax returns, they remembered very little, if anything, except that the defendant was drawing a salary of $100 per month for the last several years. Although the bookkeeper had been in charge for about four years, and defendant had been a partner in the business with his father on the basis of a 50 per cent. interest, according to their testimony, they showed a surprising lack of knowledge of his affairs, as well as those of the partnership and corporation. There is evidence to show that the defendant's holdings, prior to the incorporation of the business, were extensive, and that he owns considerable stock in the corporation, which does a large business.

Although we modified the judgment of the district judge fixing alimony pendente

lite, by reducing it from $150 to $100, when this case was tried on the merits, and permanent alimony for the wife and children was prayed for, the district judge again fixed the alimony at $150. He disbelieved the defendant's testimony that his income was only $100 a month. The record at this time not only contains all of the evidence taken on the rule to fix alimony pendente lite, but also additional evidence, which supports the trial judge's conclusion that the defendant has deliberately concealed his true worth and correct income.

It is difficult for us to believe that the defendant with a salary of only $100 per month, and no other income from the business, could own, maintain, and operate an automobile, afford to give a young unmarried lady a Philco radio costing $42.50 wholesale, attend football games, stopping in hotels while doing so, visit assignation houses, where he dined, drank, and danced with lewd women, in addition to properly maintaining his wife and two children. Besides this, it may be further noted that, when the difficulties arose between him and his wife, he was able to pay counsel $500 on account of attorneys' fees. We feel that plaintiff established a prima facie case and that defendant failed to rebut it. The trial judge reserved defendant's right to reopen the matter, if, in the liquidation of the community, it appeared that the amount fixed was excessive.

We shall, therefore, not disturb the amount of permanent alimony fixed by the trial judge for the support and maintenance of the wife. Article 160, R.C.C., as amended.

Counsel for the defendant argue that alimony for the support of the children cannot be awarded in a divorce proceeding and cite Hardy v. Collins, 136 La. 467, 470, 67 So. 333, and article 227, R.C.C., in support of this contention.

We do not believe that case is in point, because it appears from the opinion that the suit for separation from bed and board had been closed and no claim for alimony was made before that time. The court used language which would indicate that, if the proceedings for alimony had been instituted timely, it would be considered an incidental demand to the main suit.

■ The right to claim alimony for the wife and children in a divorce suit is

recognized in the case of Lorson v. Madere (Ex parte Madere), 149 La. 95, 88 So. 701.

In passing, we may say that we can see no good reason, with all of the facts before us, why we should not at this time fix alimony for both the wife and the children. It would be a waste of time to have alimony for the children fixed in a separate proceeding.

For the reasons assigned, the judgment appealed from is affirmed, reserving defendant's right to apply to the district court to have the judgment modified for the purpose of allowing him to see or visit his children; defendant to pay all costs of court.