**Margaret A. LIGHT, Appellant,**

v.

**Richard L. LIGHT, Appellee.**

**No. 3058.**

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 10, 1962.

Decided Nov. 13, 1962.

Jean M. Boardman, Washington, D. C., with whom Mark B. Sandground, Washington, D. C., was on the brief, for appellant.

Leon Shampain, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

PER CURIAM.

This is an appeal from a decree granting the husband an absolute divorce on the ground of adultery. The wife challenges the relevancy of evidence introduced to show her disposition to commit adultery with the named corespondent. She maintains that her admission of adulterous conduct with men not parties to the suit should not have been received as evidence of her disposition to commit adultery with the named corespondent.

Adultery may be proved inferentially by establishing an adulterous disposition and an opportunity to gratify it. It is sufficient to say that here the uncontroverted evidence was of such a nature as to indicate, without more, a disposition to commit adultery with the corespondent. There were numerous occasions when appellant and the corespondent spent the night together in either his or her apartment. The trial court chose not to believe their denials of intimacy nor their explanation that the corespondent, a man of sixty-five, merely advised, consoled and protected appellant during periods of emotional stress. Had the trial court based

its finding solely on this evidence, we could not say that it was manifestly wrong.

The court was undoubtedly influenced by the husband's testimony of his wife's admissions of having committed adultery with two men within the last three years. Some courts have held that it is error to receive such evidence; that acts of adultery with one man do not logically tend to establish an adulterous disposition toward another.[1] We cannot accept this position. Inherent in the wife's conduct was a disregard of her marital vows and community mores. We think that she demonstrated a promiscuous sexual appetite and a willingness to gratify it, and that the evidence of her prior adulterous conduct with men not parties to the suit was properly admitted by the court as probative of her disposition to commit adultery with the named corespondent.

Affirmed.

1. Beadleston v. Beadleston, 50 Hun. 603, 2 N.Y.S. 809 (1888); Washburn v. Washburn, 5 N.H. 195 (1830); 17 Am.Jur. Divorce & Separation § 404; but see Robards v. Robards, 33 Ky.L.Rep. 565, 110 S.W. 422 (1908); Houlton v. McGuirk, 122 La. 359, 47 So. 681 (1908).