GLADNEY, Judge.
After considerable litigation between the parents of Diana and Dawn Gallagher, a final judgment of divorce was rendered which awarded the care, custody and control of the children to the mother, Jo Ann Joris Gallagher, subject to reasonable visitation rights of the .father. After the passage of several months James Albert Gallagher instituted a rule for contempt and requested the court to schedule visitation rights. This proceeding was disposed of by a decree of the court ordering Jo Ann Joris Gallagher to allow the father to visit his minor children at reasonable times and places and under reasonable circumstances. On November 20, 1967 James Albert Gallagher simultaneously filed separately a rule to schedule visitation rights and a rule for contempt. The answer of Mrs. Gallagher denied disobedience of the order of the court with respect to visitation rights and included a reconventional demand concurring in and joining in the request of James Albert Gallagher that the court fix the *234 visitation rights, both as to' time and place, after hearing all of the evidence adduced by both parties.
When the rule came on for hearing the trial judge again refused to schedule times and places agreeable to the parties and dismissed the rule without hearing evidence thereon, the court assigning as its reason that such a function was not judicial and beyond its authority. Both parties have appealed.
Judicial sanction of visitation privileges for the noncustody parent was long withheld by our courts which interpreted Civil Code Article 157 as providing for custody of the children by a single parent as opposed to divided custody. Article 157 insofar as pertinent provides:
“In all cases of separation and of divorce the children shall be placed under the care of the party who shall have obtained the separation or divorce unless the judge shall, for the greater advantage of the children, order that some or all of them shall be entrusted to the care of the other party. * * * ”
It was not until 1932 that the Supreme Court retreated from its strict application of the codal article. That year in the case of Jacquet v. Disimone, 175 La. 617, 143 So. 710 (1932) Justice Rogers as the organ of the court, made this pronouncement which had the effect of modifying the prior jurisprudence:
“But the judgment of divorce did not have the effect of divesting defendant of his fatherhood, and the child is still his child, notwithstanding its custody was awarded to the mother.
“A parent against whom an adverse judgment of divorce has been rendered possesses certain natural rights with respect to his child whose custody is given to the other parent. One of these is the right of access to his child. And the exercise of this right under such reasonable restrictions as the circumstances warrant within the discretion of the court should not be withheld, unless the parent has forfeited the privilege by his conduct, or unless the exercise of the privilege would injuriously affect the welfare of the child.” [143 So. 710, 711]
The principles recognized in that case have consistently received the approval of the Supreme Court but usually the decisions contained admonition that such visitation privileges should not be so extended as to a division of custody contrary to Civil Code Article 157. Shipp v. Shipp, 183 La. 1025, 165 So. 189 (1935); Cormier v. Cormier, 193 La. 158, 190 So. 365 (1939); Pierce v. Pierce, 213 La. 475, 35 So.2d 22 (1948); Johnson v. Johnson, 214 La. 912, 39 So.2d 340 (1949).
 This court in O’Pry v. O’Pry, La. App., 163 So.2d 807 (1964) and Bush v. Bush, La.App., 163 So.2d 858 (1964) found evidence before it which justified it in prescribing times, places and circumstances for visitation. In the decisions the determination of the court was in accord with the convenience of the parties and so reflected in the record. That the scheduling of such rights should be in accordance with the wishes of the parties is clearly indicated in West v. West, La.App., 170 So.2d 160 (2nd Cir. 1964). Consistent with these authorities, we are of the opinion the trial court is vested with authority to fix the time and place and periods of visitation. It should do so and in resolving the matter between the parties the convenience to both parties and the advantage to the children should be given full consideration.
For the reasons stated in Gallagher v. Gallagher, No. 10,973 on the docket of this court, 212 So.2d 281 this day decided, the issues pertaining to the contempt proceedings against Mrs. Gallagher are not considered herein. The judgment appealed, insofar as it dismissed the demands of both appellants for a schedule oí, visitation privileges by the trial court, is reversed and *235 remanded to the First Judicial District Court for the Parish of Caddo for further proceedings consistent with the views herein expressed.
The costs of this appeal are to be borne equally by the parties.