BOLIN, Judge.
Willis Marion Woods obtained a divorce from Mildred Louise McGowen Woods on October 3, 1970, The wife was granted the care and custody of Jeffrey Layne Woods, six years of age, and plaintiff was ordered to pay defendant $120 per month for the support and maintenance of the minor child. On October 5, 1970, plaintiff married his present wife, Roseanne Woods, and established a domicile in Bossier Parish, Louisiana. The present suit was instituted by plaintiff on January 11, 1971, seeking to have the court fix definite times and places for the child to visit his father rather than at “reasonable and seasonable times” as provided in the divorce decree. For reasons made a part of the record the *231 district judge rejected plaintiff’s demands and he appeals.
The issue is restricted to whether the trial judge abused his discretion in refusing to fix specific visitation rights, which ruling was based on his finding the mother was according the father reasonable rights of visitation.
Specifically, the father sought a judgment “awarding and decreeing unto the Petitioner reasonable rights of visitation with his minor child, Jeffrey Lane Woods, as follows:
“First weekend of each month from Friday Night at 6:00 until Sunday Night at 6:00 with visitation being conducted at the Petitioner’s home;
“Third weekend of each month from Friday Night at 6:00 until Saturday Night at 6:00 with visitation being conducted at the Petitioner’s home.
“Visitation for two (2) weeks during the summer said two weeks to coincide with Petitioner’s vacation, said visitation to be conducted in Bossier City, Louisiana, at Petitioner’s home;
“Visitation on Father’s Day from 9:00 in the morning until 6:00 at night;
“Visitation for one (1) week during the Christmas Holidays, said visitation to be conducted at Petitioner’s home in Bossier City, Louisiana;
“Visitation by telephone at reasonable times;
“Other rights of visitation as may be decided upon between the parties;”
In his reasons for judgment the trial judge was impressed with the fact that the mother had been reasonable in according the father the right of visitation with their six-year-old son. He pointed out that the father had been married to his present wife only a few months, and that a child of tender years would naturally have problems adjusting to the divorce of his mother and father and also to his father’s remarriage. In summary he said:
“Because it is my determination that the mother of the child has been reasonable, I am not prepared to set any specific time for visitation. The mother should impose what rules she thinks are reasonable for visitation in exercising the visitation rights and at this time I see no evidence in the record to change the right that the husband always has to visit the child during reasonable hours and under reasonable circumstances.”
Counsel for appellant contends the decision of the lower court is contrary to the law 'as expressed in Gallagher v. Gallagher (La.App. 2 Cir. 1968), 212 So.2d 233, and in Jacquet v. Disimone, 175 La. 617, 143 So. 710 (1932). Our review of the cited cases, as well as the numerous cases cited in Gallagher, leads us to the conclusion that they do not establish a rule that in every instance the court must fix specific times and places for the exercise of the right of visitation by the non-custody parent. Rather, the trial court is given authority to fix specific visitation rights where (1) the right has been withheld, (2) where both parents join in requesting the fixing of the times and places for visiting, or (3) when the parent having custody has been unreasonable in restricting the rights of the non-custody parent.
Louisiana Civil Code Article 157 provides, in case of separation or divorce, the child shall be placed under the care of the party who shall have obtained the separation or divorce unless it be for the greater advantage of the child for it to be entrusted to the care of the other party. This same article specifies that the party under whose care the child is placed shall become natural tutor or tutrix of the child to the same extent as if the other party had died. Until Jacquet v. Disimone was decided in 1932, the Louisiana Supreme Court had strictly interpreted this codal article so as to deny the non-custody parent any visitation rights *232 except those voluntarily granted by the parent having custody of the child. In Jacquet the prior jurisprudence was modified, the court holding that a judgment of divorce did not divest a parent of his or her parenthood which included a right of access in order to visit his or her child or children. The Gallagher case followed the Jacquet case and held the trial judge had the authority to fix the times, places and periods of visitation with due regard to the convenience of both parties and after full consideration of the best interests of the child. It was further held the exercise of this right under such reasonable restrictions as the circumstances warranted within the discretion of the court should not be withheld unless the parent has forfeited the privilege by his conduct, or unless the exercise of the privilege would injuriously affect the welfare of the child.
We think the law in this case is best summarized in the following quotation from Johnson v. Johnson, 214 La. 912, 39 So.2d 340 (1949).
“With these rules in mind, we may safely conclude that under the jurisprudence of this state, where a parent has not forfeited his right of visitation by his conduct and where the exercise of this privilege would not injuriously affect the welfare of the child, a parent against whom an adverse judgment has been rendered, granting unto the other spouse the care and custody of the child, has a right of access to the child, the right to have the child visit him. The exercise of these rights is under such reasonable restrictions as the circumstances in any given case may warrant, always within the discretion of the court, provided that the right to have the child make such visits be not of such a nature or for such a period of time as to have the effect of awarding to such parent part-time custody and thereby subjecting the child to a divided authority. All of these rights, of course, are always subject to the sound discretion of the lower court under the facts and circumstances of any given case; for the law is well settled that a reasonable latitude must be left to the trial judge in determining matters affecting the welfare of children, and that a judgment based upon the facts disclosed in any given case is entitled to great weight.”
After giving careful consideration to the record in the instant case, we are convinced the trial judge used sound discretion in refusing to fix specific visitation rights and, accordingly, the judgment appealed from is affirmed at appellant’s cost.