REDMANN, Judge,
dissenting.
If a suit to annul a promissory note were filed by the maker against the payee in a state district court, and then a suit to collect the note were filed by the payee against the maker in a state district court, lis pendens would lie. Kline v. Freret, 1850, 5 La.Ann. 494; Bischoff v. Theurer, 1853, 8 La.Ann. 15.
Although multiple litigation of issues is not precluded by collateral estoppel in Louisiana, Welch v. Crown-Zellerbach Corp., La. 1978, 359 So.2d 154, it is by lis pendens, La.C.C.P. 531, and by res judicata, La.C.C. 2286. A definitive judgment in the maker’s suit against the payee, annulling a promissory note, surely will prevent a later suit on the note by the payee against the maker. Becausé there is no collateral estoppel, only res judicata could prevent such a suit in Louisiana, and if a judgment in the first suit is res judicata then the pending of the first suit is lis pendens. The identical reasoning applies to an earlier intervention in the first suit. Dick v. Gilmer, 1849, 4 La.Ann. 520.
The trial judge acted within his authority under C.C.P. 532 and his decision should be upheld.