(114 So. 594)

No. 27772.

### FRIERSON v. FRIERSON.

Oct. 31, 1927.

*(Syllabus by Editorial Staff.)*

1. **Husband and wife ⬤⟶272(5)—In separation action, wife held not entitled to community accounting (Rev. Civ. Code, arts. 2404, 2406).**

In husband's action for separation from bed and board and settlement of the community, wife *held* not entitled to an accounting of husband's administration of the community, in view of Rev. Civ. Code, arts. 2404, 2406.

2. **Husband and wife ⬤⟶272(4)—Evidence held to show there was no community property concealment by husband.**

In husband's action for separation from bed and board and for a settlement of the community, where wife sought an accounting of the community property, evidence *held* to show that there was no community property concealment by husband.

Appeal from Twenty-First Judicial District Court, Parish of Tangipahoa; Columbus Reid, Judge.

Action by A. G. Frierson against Mae B. Frierson, his wife, for separation from bed and board and settlement of the community. From a second judgment regulating the settlement, defendant appeals. Affirmed.

Ellis & Ellis, of Amite, for appellant.
A. L. Ponder, of Amite, for appellee.

ST. PAUL, J. In this case there was a judgment in favor of plaintiff decreeing a separation from bed and board and a settlement of the community. The appeal herein taken is from a second judgment regulating such settlement and involves that only.

An inventory of the community effects was taken, to which apparently, some few items should be added. The trial judge ordered the sale of all the effects of the community, out of which he ordered the community debts first paid ($1,897.01), and found further that the community owed the separate estate of the husband $3,500.

### I.

We think the evidence shows that at least $3,500 of the husband's separate estate was invested in and inured to the benefit of the community. And in that respect the judgment appealed from is clearly correct.

### II.

[1] Defendant urges, however, that the husband owes her an accounting as to his administration of the community, and that upon such accounting the assets of the community would be greatly increased.

We do not think this contention well founded. The husband is head and master of the community, and administers it alone and as he pleases. R. C. C. 2404. No such contention as this has ever been made before in this state, much less upheld. The very article of the Code which gives the husband this administration allows the wife only one action growing out of his administration of the community, and that is for the recovery of her half of any property *fraudulently disposed of* by the husband *to injure the wife,* but no such condition is suggested here. And, of course, she can reclaim from the possessor thereof her one-half of any immovable belonging to the community and donated by her husband without her consent. Vide R. C. C. 2404. Otherwise the right of the wife is confined to claiming her half of the property actually remaining in the community at the dissolution thereof. R. C. C. 2406.

Hill v. Hill, 115 La. 490, 39 So. 503, holds no more than that the husband must account for his administration of the community from the date of the filing of a suit for separation. Cf. R. C. C. 150, 2432.

### III.

[2] Of course, if it can be shown that a husband is actually concealing property be-

longing to the community beyond that disclosed by the inventory, then clearly the wife is entitled to her share therein as well as in the property inventoried, for this would clearly be property belonging to the community at the dissolution thereof.

In this case there is a suggestion to that effect, to wit, that according to the mortgage records there appear to be more chattel mortgages owing to the community than were disclosed by the husband at the taking of the inventory.

But the testimony of the husband is that the only mortgages still due the community are those which he has disclosed, all others having been previously paid, and his truth and good faith are attested by his abandonment in open court to his wife of any unpaid mortgages not listed by him.

### Decree.

The judgment appealed from is therefore affirmed.