## LOPEZ v. PAMPALONE

———

(May 21, 1928. Opinion and Decree.)
(June 18, 1928. Rehearing Refused.)

———

*(Syllabus by the Court)*

1. **Louisiana Digest—Alimony—Par. 13.**
Where a husband has paid to the wife alimony substantially as fixed by the trial court, during the pendency of a separation suit, her failure to pay for board and lodging during the time, does not render the husband liable therefor.

2. **Louisiana Digest—Marriage—Par. 29, 173, 182.**
Under Civil Code Art. 1786, husband is liable for necessaries furnished wife, where he does not provide them.

Appeal from Division "E," Civil District Court. Hon. Wm. H. Byrnes, Judge.

Action by Mrs. Clara Lopez against Jos. Pampalone.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Jos. T. Deynoodt, of New Orleans, attorney for plaintiff, appellant.

Legier, McEnerny and Waguespack, of New Orleans, attorneys for defendant, appellee.

JONES, J. Plaintiff sues for one hundred thirty-eight ($138.00) dollars, alleged

balance due for four months' board and lodging furnished three minor children and wife at regularly assigned domicile while suit for separation from husband was being prosecuted in District Court.

The defense is two-fold—one legal, the other factual.

The former denies liability of husband on ground that the husband had paid, during the period from April 14, 1924, to August 18, 1924, under a judgment of the Civil District Court fixing alimony, the sum of two hundred seventy ($270.00) dollars.

The latter denies that the board and lodging was furnished as alleged and specially avers that any assistance rendered to the wife and children by plaintiff was purely gratuitous, as plaintiff was the mother-in-law of defendant's daughter and was then living next door to defendant.

There was judgment below for defendant and plaintiff has appealed.

The record in the separation suit shows the following:

The wife was allowed seventy-five ($75) dollars per month by the trial judge; that she was paid by the husband during the four months embraced in this suit the sum of two hundred seventy ($270.00) dollars; that the trial judge dismissed after hearing, several rules for contempt filed by the wife against husband on the ground that the husband had been slow in paying the alimony or had paid less than the allotted amount.

The record in this suit shows the following:

The total amount originally claimed by plaintiff was two hundred three ($203.00) dollars, but the wife had paid out of the alimony money furnished by the husband the sum of sixty-five dollars ($65.00), the minor children on account of proximity to their old home divided their time to some extent during these four months between their father's house and the home of plaintiff.

Our conclusion on the legal question makes it unnecessary to consider the question of fact.

In the case of Schaeffer vs. Trascher, which had gone to the Supreme Court on a writ of review of this Court, decided on January 18, 1928, So. Rep. vol. 115, p. 574, a similar question was decided adversely to plaintiff. In that case plaintiff was endeavoring to collect from the husband a bill for furniture sold the wife during pendency of a separation suit on the ground that the husband was liable for necessaries furnished the wife.

Justice St. Paul, the writer of the opinion, after finding that the husband had vainly offered to the wife out of the common dwelling all necessary furniture, reaches the following conclusion:

"We do not think that plaintiff is entitled to recover from the husband. Article 120, R. C. C., provides that the husband is obliged to furnish his wife with 'whatever is required for the convenience of life, in proportion to his means and conditions.' This, however, is simply the announcement of a principle of universal law as old as the dawn of creation and founded on the law of nature.

"From which it follows that a husband is liable for necessaries supplied to his wife when he himself fails or refuses to supply them. Van Horn vs. Arantes, 116 La. 130, 40 So. 592. But the reverse of this is equally true, to-wit, that the husband is not liable for supplies furnished to the wife when he himself is ready and willing to supply them. In the language of Chief Justice Best in Seaton vs. Benedict, 5 Bing. 28, 2 Smith's Leading Cases, 491:

"'A husband is only liable for debts contracted by his wife on the assumption that

she acts as his agent. If he omits to furnish her with necessaries, he makes her impliedly his agent to purchase them. If he supplys her properly, she is not his agent, for the purchase of an article, unless he sees her wear it without disapprobation.'

"For, in such case, there is no necessity entitling the wife to pledge the husband's credit. 30 C. J. 590. And it is quite immaterial that the authority of the wife to purchase necessaries on her husband's credit, as well as the liability of the husband therefor, need not be based on any theory of agency on her part, express or implied, and that it suffices to say that it results from the duty to furnish necessaries, imposed on the husband by law as an incident of the marriage relation, and of his failure or refusal to perform that duty. For the authority for any one to perform that duty in his behalf, ex humanitate, towards the wife, can only arise when he himself fails or refuses to perform that duty. This rule compels the husband to pay in a proper case, and at the same time affords him some protection against the extravagance of a wife in purchasing what she does not need. Wanamaker vs. Weaver, 176 N. Y. 75, 83, 68 N. E. 135, 65 L. R. A. 529, 98 Am. St. Rep. 621."

This view of the law is sustained by Article 1786 of the Revised Civil Code which provides that the husband is presumed to authorize contracts of the wife for necessaries for herself and family where he does not provide them.

As the husband in this case has furnished to the wife what the trial judge evidently considered a reasonable amount for necessaries, after full consideration of all attendant circumstances, we do not think that the failure of the wife to pay her charge for board and lodging out of the money furnished her for that purpose makes the husband liable therefor. To hold otherwise would open the door to useless extravagance.

For above reasons the judgment is affirmed.