### SURETY CREDIT CO., INC., v. MONTELEONE

(January 21, 1929.   Opinion and Decree.)
(February 25, 1929.   Rehearing Refused.)
(April 22, 1929.   Writ of Certiorari and Review Refused by Supreme Court.)

L. H. Gosserand, of New Orleans, attorney for plaintiff, appellee.

A. D. Danziger, of New Orleans, attorney for defendant, appellant.

### STATEMENT OF THE CASE.

GLEASON, J., ad hoc. The plaintiff herein, a credit loan corporation, loaned to Mrs. A. V. Monteleone, one of the defendants herein, the amount sued for, taking therefor her promissory notes. The loan was made at a time when the said Mrs. Monteleone was suing her husband for a separation, and it is alleged was made on her representation that the money was used to supply necessaries for her maintenance and support. The suit is against both the husband and the wife.

The defense of A. V. Monteleone, the husband, is that whatever was furnished to Mrs. Monteleone was furnished on her own credit, and that he had himself offered to and was providing all of the necessaries required by her station in life, and that she had no authority to borrow money for him or in his name.

There was judgment for the plaintiff against the defendant, Mrs. A. V. Monteleone, in the full amount sued for, but against A. V. Monteleone in a lesser amount, representing what the district court conceived to be the amount which Mrs. Monteleone used for necessaries which the husband would have otherwise been obliged to furnish.

### OPINION.

The facts in this case disclose that, just before the defendant, Mrs. A. V. Monteleone, borrowed this money, she was living at the Monteleone Hotel, where she was furnished with board and lodging and with all the attire she needed for her wants, so that there was no reason whatever for her lacking in any of the necessaries which the husband is required to provide. She was at liberty to remain there as long as she saw fit, and there is no pretense that there was any interference either with her personal conduct or with her free use of the facilities of the hotel. The only contention is that it might have been more or less embarrassing to her to live in the same hotel with the husband, because of the possibility of meeting him in her egress and ingress from the hotel. This argument does not recommend itself to us. People can live in the same hotel for an indefinite period without the necessity of personal contact, and, in the absence of a showing that the husband made it impossible or difficult for her to live in the same hotel, the Court believes that in affording her adequate room and board in a first-class hotel, the husband has at least completely fulfilled the measure of his obligations, if he has not exceeded same.

While the law permits the wife to purchase necessaries when they are not provided by the husband, it does so on the theory that she is the agent of the husband for that purpose. In fact, the Code so provides, Article 1786. This authority, however, to act as the agent of the husband is a conditional authority and only avails in those instances where the husband himself has failed to make provision or to offer to make provision. The law does not give the wife the right to refuse the necessaries offered by the husband when adequate, and herself incur obligations for same. To hold otherwise would be to ignore completely the condition writ-

ten into the statute and would be indeed a dangerous precedent to establish.

Even more far-reaching would be a precedent which would permit the wife to borrow money, as she has done in this case, and then determine for herself the method and mode of expenditure. True, it is argued that the husband had, after the wife left the hotel, advertised that he would not be responsible for the wife's debts, and that thereby her facilities for purchasing goods were cut off and she was thereby relegated to the only avenue open to her, to-wit, people such as the plaintiff' who are · engaged in the personal loan business. There may be some force in this argument, if the use of the funds were followed completely and shown, under extraordinary circumstances, to have been used for necessaries. However, we do not consider it necessary to express a conclusion on this proposition, for the reason that the husband, having provided adequate necessaries at the Monteleone Hotel, she was not authorized even to buy necessaries direct. We consider the case of Schaeffer vs. Trascher, 165 La. 315, conclusive on this point.

Additionally, it appears from the record that the Court in which the divorce proceeding was pending had allowed Mrs. Monteleone alimony at the rate of $166.00 per month, and later $200.00 per month, which she would have had a right to collect and utilize, but, instead of doing so, she took an appeal from this allowance. Were the amount inadequate, it was not necessary for her to take an appeal. She could have accepted what the Court allowed and filed a motion to increase it. It would be a rather dangerous doctrine to establish that, pending a suit for separation from bed and board, where the Court has supervision over the needs and requirements of the wife and can exercise its authority, after due proof, by fixation of alimony, the wife of her own initiation could ignore the court's jurisdiction and go out and make contracts purely on her own volition and then charge same against the husband.

In so far as Mrs. Monteleone is concerned, she has conclusively bound herself. It is argued that, at the time these funds were borrowed, the amendment to the Code, permitting the wife to bind herself for or with her husband, had not been enacted and that, therefore, the wife cannot be bound because she could not bind herself for or with her husband.

It is true that, at the time the loans were made, the wife could not bind herself for or with the husband, and, if the husband was bound, she was not. However, as before stated, she was either the agent of the husband or not, and, as we have held that she was not the agent of her husband, she was acting solely for herself.

It is further urged that Act 219 of 1920 only permits the wife who has separate paraphernal property to contract debts which bind her, and that the act does not apply to a wife who is not shown to have such property.

A fair and reasonable construction of the act, in view of the purpose intended, is that the act means nothing more nor less than that the wife cannot bind the community, but that she could bind herself. While the act is inartistically drawn, we believe it to be readily understood to mean the foregoing.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be amended so as to dismiss the suit in so far as defendant A. V. Monteleone is concerned, and that it be otherwise affirmed, appellee to pay all costs of appeal.