142 So. 703

**GRIMES v. POSECAI.**

No. 31522.

May 23, 1932.

E. M. Stafford and Daniel Wendling, both of New Orleans, for appellant.

Morris P. Le Compte, of New Orleans, for appellee.

BRUNOT, J.

The plaintiff sued the defendant for a separation from bed and board. The defendant, in her answer to the suit, reconvened and prayed for alimony pendente lite. Alimony was awarded the defendant, in the sum of

$50 per month, and the plaintiff appealed from that judgment.

The plaintiff is an employee of the New Orleans Fire Department. His salary is $157 per month. The plaintiff testified that, after the deductions for pension dues, insurance, firemen's charitable association, burial of members, and floral designs, his net salary is $139 per month, and that he is burdened with exceptional features which bring him within the rule announced in Abrams v. Rosenthal, 153 La. 459, 96 So. 32, and, for that reason, the award of $50 per month as alimony is excessive.

The award of alimony during the pendency of the suit is made under C. C. art. 148, and it rests in the discretion of the trial judge. It is not a final judgment, but one which, at any time, is open to re-examination and change by the trial judge as changed conditions and circumstances may warrant. On appeal from such a judgment, it must appear that the trial judge acted arbitrarily in the matter, otherwise this court will not substitute its judgment for that of the trial judge, acting within his discretionary powers. Counsel for the appellant seem to recognize this rule for they say:

"Appellant, by rule, sought a reduction of alimony since this appeal * * *, which was wrongfully continued indefinitely by the trial judge because of this appeal."

Whether or not the action of the trial judge in indefinitely continuing the said rule was proper or legal is a matter which is not now before us. It will be our duty to consider it when it is presented in an application for a writ of mandamus.

For the reasons assigned, the judgment appealed from is affirmed, at appellant's cost.