147 So. 363

**PEARLSTINE v. MATTES.**

No. 32150.

March 27, 1933.

Gerald Netter, of New Orleans, for appellant.

H. W. Kaiser and John H. Hammel, Jr., both of New Orleans, for appellee.

ST. PAUL, Justice.

This is a rule taken in a suit for separation from bed and board. It was taken by the wife against her husband for alimony pendente lite for the support of herself and the two children of the marriage who are under her custody. She asks for $100 a week; the trial judge allowed her $50 a week, and the husband appeals.

The only question involved is how much can the husband pay; for, whatever the wife's needs may be, that is all that the husband should be required to pay or can be made to pay.

His testimony is that from January, 1932, until September following, his gross income has dwindled from something more than $900 a month to something less than $500 a month, and is still dwindling. This is corroborated by the wife herself. Meanwhile his professional expenses, such as office rent, etc., have

remained the same, to wit, about $200 to $225 a month, thus leaving him a net income, if things get no worse, of between $275 and $300 a month, out of which must be deducted $60 a month to keep up the payments on the house which is now occupied by his wife and children. This leaves him a net income somewhere between $215 and $240 a month, or say an average of $230 a month.

Now it is clear that he is entitled to something for his own living; and the testimony shows that his own rent and living expenses amount to about $100 a month, thus leaving available for his wife and children a balance of $130 a month and the occupancy of the house for which he is paying $60 a month. It therefore seems clear that, whatever may be the needs of the wife and children, $130 a month and the occupancy of the house is all that the husband can afford to give them, and is therefore all that he should be required to give them.

To put it another way, the net income of the husband, after deducting his office expenses, is from $275 to $300 per month, and if out of this the husband pays $130 a month in cash to his wife and pays $60 a month for the house in which she is living with the children, this amounts to $190 a month which he will be paying for his wife and children, or practically two-thirds of his net income.

Now $30 a week makes exactly $130 a month. Hence we think that the amount allowed by the district judge should be reduced accordingly.

### Decree.

For the reasons assigned, the judgment appealed from is amended by reducing the alimony of the plaintiff from $50 a week to $30

a week, and, as thus amended, the judgment is affirmed; plaintiff to pay costs of appeal and defendant to pay the costs of the lower court.