151 So. 636

## PEARLSTINE v. MATTES.

### No. 32508.

### Nov. 27, 1933.

Gerald Netter, of New Orleans, for appellant.

Herbert W. Kaiser, of New Orleans, for appellee.

LAND, Justice.

On October 3, 1932, a rule for alimony was tried in the lower court, and alimony was awarded plaintiff in the sum of $50 per week.

Thereafter a suspensive appeal was taken to this court, and the award of alimony was reduced to $30 per week. 177 La. 7, 147 So. 363.

Within 30 days after this court had fixed the alimony to be paid for the support of his wife and two children, aged 4 and 12, at $30 per week, defendant filed the present rule in the court below, alleging that his income had been materially reduced since the trial of the rule October 3, 1932, and that accordingly the alimony should be reduced to $50 per month.

After hearing the evidence and argument of counsel, the rule was discharged by the trial judge and defendant has appealed.

In his testimony defendant states that he requires $75 per month for his personal expenses, plus $25 for his rent, and that this is the minimum on which he can live. At the same time defendant requires that his wife and two small children should feed and clothe

themselves, and pay for gas, electricity, etc., on $50 per month.

The trial judge would not listen to this unreasonable demand on the part of the defendant, and it is apparent that either the court did not accept the defendant's testimony as to the amount of his income or that he did not feel that defendant was making any serious effort to provide properly for his family.

Ninety per cent. of defendant's business is cash, and he does not keep a regular cash book.

Defendant testified that his average gross income for the last six months was $426.25; that his average monthly gross office expenses and automobile expense, during the same period, was $225.84; and that his average net monthly income, during the same period, was $200.41.

If we deduct $100 per month for the living expenses of defendant, there would be left a balance of only $100.41 per month, if defendant has stated the true facts in his testimony.

Defendant receives a rental of $45 a month from a piece of real estate, which does not belong to the community, and spends this money.

In addition to this, he would have us deduct his regular monthly expense of $100 from his monthly net income of $200.41.

In defendant's monthly gross office expenses and automobile expense is included $40 per month for "an old car that burns a gallon of gasoline to every six miles." He states that he pays $8 a month for garage rent, and the balance of $32 per month for gas and oil.

Defendant is a specialist with an office practice, and the only occasion on which he uses his automobile professionally is to go to the hospitals.

We are satisfied that the item of $40 per month expense for the automobile is excessive, and that $25 per month, at the farthest, would cover all the expense in connection with the car, leaving a balance of $15 per month to be credited to the income, thus showing a monthly income of $270; or a balance of $170 per month, after deducting defendant's monthly living expenses of $100. If we deduct $40.89 per month paid by defendant on the loan on his home, which belongs to the community, and is occupied by his wife and children, we would still have left $130 per month to be awarded as alimony to them.

Defendant speaks of rents of office and taxes, which he has not paid; but defendant has made no reduction whatever in his own personal living expenses per month, nor has he sought to curtail in any way his office or automobile expenses.

"On appeal from judgment awarding alimony pendente lite, reviewing court will not substitute its judgment unless trial judge is shown to have acted arbitrarily." Grimes v. Posecai, 175 La. 1, 142 So. 703.

Judgment affirmed.