O’NIELL, Chief Justice.
 

 This is an appeal from a judgment ordering the defendant in a divorce suit to pay alimony to support his wife and two children during the pendency of the suit, and enjoining him from disposing of the community property. -
 

 The judgment for alimony, pendente lite, is for $150 per month. One of the children is 4 years old- and the other is 1 year. They have remained with their mother and are dependent upon her for support. The complaint of the husband, as appellant, as to the judgment for alimony, is that it is excessive. The law on the subject is found in article 148 of the Civil Code, viz.:
 

 “If the wife has not a sufficient income for her maintenance pending the suit for separa
 
 *884
 
 tion from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband.”
 

 The wife in this instance has no income at all, or means of support, either for herself or for the children. She and they are living with her parents in very stringent •circumstances. We do not consider the allowance of $150 per month more than enough for the support of the wife and children; but the evidence leaves some doubt as to whether it is within the husband’s means to pay the $150 per month. He is in the wholesale and retail grocery business with his father and in an automobile sales agency with his father and brother. Each business was that of a partnership until the plaintiff and defendant became separated, a few weeks before she filed her suit: Between the time of the separation and the filing of the suit, the defendant and his father incorporated the grocery business, forming separate corporations for the wholesale and the retail business, with a total capital stock of $20,000 or $25,-000, of which each member got one-half for his share in the partnership; and, about the same time, the defendant and his father and brother incorporated the automobile sales agency, with a capital stock of $5,000, of which the father got two-fifths and each son three-tenths of the capital stock. The plaintiff in this suit sought to prove the financial means of her husband by cross-examining him as a witness and by calling his bookkeeper as a witness; but they divulged very little information on the subject. It appears that, when the corporations were organized the defendant’s salary was fixed at only $100 per month. He contends that that is the full extent of his income; but it appears that he drew from the business about $1,300 per year during a period of eight years before this suit was tried, and drew more than $1,500 per year during the last four years, besides which he and his wife and children lived at the home of his parents, at the expense of the commercial partnership.
 

 We have concluded, from what evidence the wife could bring out, that $100 per month is, as the Code says, “proportioned to her needs and to the means of her husband.” Out of that she must support herself and the two children during the pendency of this suit.
 

 This court is always reluctant to change an allowance of alimony pendente lite, because, primarily, the trial judge who has the divorce suit before him has control over the allowance of alimony. In reducing the allowance in this case we have in mind that the district judge may yet change it at any time, on a sufficient showing. As we said in Grimes v. Posecai, 175 La. 1, 142 So. 703, an award of alimony during the pendency of a divorce suit “is not a final judgment, but one which, at any time, is open to re-examination and change by the trial judge as changed conditions and circumstances may warrant.”
 

 Appellant’s only complaint about the order granting an injunction in this case is that it was granted without requiring his wife to give bond. He relies upon article 304 of the Code of Practice, which lays down the general rule, that in order to obtain a preliminary writ of injunction the applicant must give bond for such an amount as the judge may deem sufficient to cover such injury as the defendant may sustain on ac
 
 *886
 
 count of the issuing of the injunction. Appellant cites also the 3d section of Act No. 29 of 1924, p. 41, viz.:
 

 “No preliminary injunction shall issue except on the applicant furnishing bond (unless by existing applicable laws bond be not required) in such amount as the court shall fix with surety or sureties and conditioned as provided by existing applicable laws in respect of writs of injunction.”
 

 It appears from the parenthetical expression, “unless by existing applicable laws bond be not required,” that the third section of the act of 1924 has left the law as it was before, on the subject of requiring a bond for a preliminary injunction. The authority for granting the wife an injunction against her husband, to protect her property rights during the pendency of a suit for separation from bed and board or for divorce, is found in article 149 of the Civil Code, which does not, in terms, either require or dispense with the giving of a bond. It has been understood always, however, that the wife is not required to give a bond in such a case, because the husband could not have a right of action against her for damages if she should fail to maintain her suit for separation from bed and boai'd or for a divorce. An instrument purporting to evidence a contractual obligation on the part of the wife in favor of the husband, and purporting to secure a contingent indebtedness which could not legally arise, would be a nudum pactum. The provisions of the act of 1924 have not changed the law in that respect. Our conclusion, therefore, is that the district judge was right in granting the injunction without bond in this case.
 

 The appellant cites American National Bank v. Bauman, 173 La. 336, 137 So. 54, and United Gas Public Service Co. v. Arkansas-Louisiana Pipe Line Co., 176 La. 1024, 147 So. 66; but the ruling in these cases was merely that Act No. 29 of 1924 had abolished those provisions of the Code of Practice which, in certain instances, allowed a preliminary injunction to be granted ex parte. The act of 1924 requires a rule nisi, and a hearing, as a prerequisite to the granting of a preliminary injunction. The decisions cited had nothing to do with the question of requiring a bond for a preliminary injunction.
 

 The judgment for alimony is reduced to
 
 $100
 
 per month, and, as thus amended, it is affirmed; and the order granting a preliminary injunction without bond is affirmed. The appellant is to pay the costs of this appeal.