## DAUTERIVE v. STERNFELS. *
### No. 1563.

Court of Appeal of Louisiana. First Circuit.
Dec. 9, 1935.

*Rehearing denied 164 So. 815.

350 ██ 

Talbot, Menuet & Le Blanc, of Napoleonville, for appellant.

Chas. T. Wortham, of Donaldsonville, and Weeks & Weeks, of New Iberia, for appellee.

CAILLOUET, Associate Judge ad hoc.

Plaintiff appellee, a practicing physician, owning and operating the Dauterive Hospital, in New Iberia, La., sued Isadore W. Sternfels for $401.50, with interest thereon at 5 per cent. per annum from judicial demand, until paid.

He alleged that in January, 1932, he received in his hospital Mrs. Blanche Domingue Sternfels, defendant's wife, and thereupon treated her, and operated upon her; that he submitted his bill of $35 therefor, which was approved, and against which he was paid $8 on account.

He further alleged that about June 27 to July 14, 1934, and August 10 to August 21, 1934, he again so received and treated, and operated upon, Mrs. Sternfels. He detailed charges aggregating $374.50, attending this second treatment of, and operating upon, the defendant's wife.

He prayed for judgment in the aggregate sum of $401.50, i. e., the balance due of $27 on his 1932 bill and the 1934 charges; which last, or $374.50, he sought to recover on a quantum meruit.

The defendant first filed an exception of no cause or right of action and, subsequently, an exception to the jurisdiction ratione personæ. This last exception was represented as being based upon the fact that the petition of the plaintiff failed to allege the domicile or place of residence of the defendant.

Both exceptions were overruled, and defendant thereupon filed answer, first reserving the benefit of said exceptions.

He denied all liability alleged against him, but, in oral argument before this court, and in supplemental brief, his counsel conceded that the claimed sum of $27 represented an obligation which was in existence prior to the institution of the suit for separation from bed and board, hereinafter discussed.

Defendant's answer specially alleged that on April 18, 1934, Mrs. Sternfels had filed suit against her husband for separation from bed and board, and had been granted alimony for her support, pendente lite, in the sum of $20 per month; that plaintiff's charges in the sum of $374.50 arose at a time subsequent thereto, and that the indebtedness therefor was that of Mrs. Sternfels, personally, and not that of defendant, inasmuch as she had contracted therefor without authorization of her husband.

The district court rendered judgment in favor of the plaintiff for the full sum of $401.50 sued for, being of the opinion that the debt of $374.50 having been contracted *during the marriage,* the same was a debt of the community, and that, therefore, the husband, Isadore W. Sternfels, was personally responsible therefor.

It is urged on behalf of the appellant that his exceptions were improperly overruled by the lower court.

██ However, as the record stood at the time of the trial of the exception of no cause or right of action, the district judge could only consider whether or not, on the face of the petition, there appeared to be

alleged both a right and a cause of action against the defendant husband, and very properly overruled said exception.

As to the defendant's right to urge the second mentioned exception of jurisdiction ratione personæ, it is clear that, by first filing his exception of no cause or right of action some two months before, he had waived the right to object to the jurisdiction ratione personæ, for as said the Supreme Court of Louisiana, in First National Bank of Arcadia v. Johnson et al., 130 La. 288, 57 So. 930, 931, viz.: "The rule is that an appearance to the suit, except for the purpose of objecting to the jurisdiction, or to the process or citation, subjects defendant to the jurisdiction of the court."

See, also, to the same effect, Fariss v. Swift, 156 La. 12, 99 So. 893.

On the merits, however, the judgment of the district court, in our opinion, is erroneous, in that it condemned appellant to pay the charges of $374.50 incurred in June, July, and August, 1934, by Mrs. Sternfels, personally, when she no longer lived with her husband, and after she had filed suit for separation from bed and board.

The judgment that she sought to obtain was bound to have as its necessary legal effect the separation of the goods and effects of the community (article 155 Rev.Civ.Code), and said judgment, in so far as it was to dissolve said community, was to be retroactive as far back as April 18, 1934, the date upon which her suit was filed. Article 2432 Rev.Civ.Code.

At the time that the stated charges were incurred, Mrs. Sternfels, although not *then* separated from her husband by judgment of court, was nevertheless living separate and apart from him, and, under article 2334 Rev.Civ.Code, her earnings, if any, were her separate property; and at *that* time, also, Mr. Sternfels, who, until the filing of the suit for separation from bed and board, had administered the community alone and as he pleased (article 2404 Rev.Civ.Code; Frierson v. Frierson, 164 La. 687, 114 So. 594), could no longer legally contract any debt on account of the community, etc. (Article 150 Rev.Civ. Code).

Before the filing of her suit, Mrs. Sternfels could not have incurred the charges of $374.50 as a debt of the community, except under the provisions of article 1786 Rev.Civ.Code, but *then* only if her husband had not, as head and master of the community, provided the medical and surgical treatment, etc., of which his wife stood in need. Under such circumstances, the debt would have been properly chargeable against the community, *not because contracted for by the wife of her own authority*, but because *presumed* to have been authorized by her husband, as head and master of the community, and the sole person competent to contract for it.

But it is contended on behalf of the plaintiff appellee that *any necessary debt* incurred by the wife *during the marriage* is a community debt, and that the charges of $374.50 incurred by Mrs. Sternfels with Dr. Dauterive *were* necessary, and, therefore, the debt therefor was chargeable against the community and appellant was properly condemned to pay the same.

The record not only is bare of any suggestion that Sternfels was advised of the necessity of incurring the charges at issue, but Dr. Dauterive knew that Mrs. Sternfels was living separate and apart from her husband and that she had sued him for separation from bed and board. Tr. pp. 12, 13.

But aside from this, Mrs. Sternfels was then receiving alimony pendente lite from her husband, in the sum of $20 per month, and her failure to pay for the hospital board and lodging furnished her by Dr. Dauterive to the aggregate sum of $126, of the $374.50 charges in question, did not render her husband liable therefor. Lopez v. Pampalone, 8 La.App. 729 (Orleans). And the same holds true, of course, of the remaining charges.

It may be true, and it no doubt is, that such alimony was not sufficient to meet the needs of the medical treatment and surgical operation required by defendant's wife, but this did not authorize her contracting for the community.

It was her legal right, even though continuing to accept the $20 per month alimony being paid her by her husband under the order of court, to file a motion to have such alimony increased to a sum commensurate with her changed needs brought about by the necessity of medical and surgical treatment, and it would have been within the province of the district judge to order her husband to pay more, provided only that this would have been "propor-

tioned" to his means, under the circumstances. Article 148 Rev.Civ.Code; Surety Credit Co., Inc., v. Monteleone, 10 La. App. 352, 119 So. 576; Grimes v. Posecai, 175 La. 1, 142 So. 703.

Said the Court of Appeal, in the first mentioned case, viz.: "It would be a rather dangerous doctrine to establish that pending a suit for separation from bed and board, where the Court has supervision over the needs and requirements of the wife and can exercise its authority, after due proof, by fixation of alimony, the wife of her own initiation could ignore the court's jurisdiction and go out and make contracts purely on her own volition and then charge same against the husband."

The award of alimony to Mrs. Sternfels was made under the cited article 148 Rev. Civ.Code, presumably "proportioned to her needs and to the means of her husband," and rested within the discretion of the district judge. It was not a final judgment. It was open to re-examination and change by him, at any time, as altered conditions and circumstances warranted. Grimes v. Posecai, supra.

While the plaintiff testified that the operations involved in the charges of $374.50 were necessary, his testimony does not suggest that they were of such *pressing* necessity as not to have permitted the taking by Mrs. Sternfels of the prescribed legal action looking towards the securing of an increase in her alimony allowance, if possible; that is to say, if "proportioned" to her husband's means.

The charges in question were incurred by Mrs. Sternfels *during the marriage*, because, as a matter of course, the marriage continued in existence not only during the course of the suit for separation from bed and board, but also *after* the rendition of the judgment decreeing a separation a mensa et thoro, on March 11, 1935, but the *community*, of which, prior to the filing of his wife's suit on April 18, 1934, Sternfels was head and master and in absolute control (article 2404 Rev.Civ.Code; Benedict v. Holmes, 104 La. 528, 29 So. 256; Luthy v. Philip Werlein Co., Inc., 163 La. 752, 112 So. 709) remained quiescent or dormant from *that* date, with the husband shorn of his control thereof.

But the fact that these charges were incurred at the time they were, and the **fact** that they were "necessary," cannot, under the law, justify charging the husband therewith; and upon the rendition of the

judgment of separation from bed and board on March 11, 1935, the *effect* of the same, as related to the property of the said inactive community, retroacted "as far back as the day on which the petition for the same was filed," or that is to say, April 18, 1934, a time prior to that when such charges were incurred by Mrs. Sternfels, personally. Gastauer v. Gastauer, 143 La. 749, 79 So. 326.

The district judge, however, considered the cited case as standing alone and opposed by the cases of Benedict v. Holmes, 104 La. 528, 29 So. 256; Gosserand v. Monteleone, 159 La. 316, 105 So. 356, 42 A.L.R. 310; Lester v. Lester, 160 La. 708, 107 So. 499, and Vicknair v. Terracina, 168 La. 417, 122 So. 276.

A study of these cases convinces us that they do not justify the disregarding of the law, as recognized to exist in Gastauer v. Gastauer. Learned counsel for plaintiff appellee contends that said case was "distinctly overruled," but we do not find this to have occurred.

Benedict v. Holmes, 104 La. 528, 29 So. 256, 257, was decided by the Supreme Court in or about the year 1900.

Said the court, viz.:

"It is quite true that the wife is without power to contract debts that will bind the community *during its existence*. [Court's italics.] * * *

"The wife has a recognized legal right to institute against her husband a suit for divorce or separation of property upon grounds that are specified in the law; but, if she cannot charge her attorney's fees and cost against the assets of the community in the event she obtains a decree of separation and dissolution, the right is practically a barren one, if she possesses no separate property."

Some seven years thereafter, the case of Haddad v. Haddad, 120 La. 218, 45 So. 109, 110 went up to the Supreme Court. In *that* case the district judge had held that the judgment of separation from bed and board in favor of the *husband*, quoad the separation of property between the spouses, retroacted as far back as the day on which the petition was filed, citing as reason therefor that *this was the rule as to the wife*, under Rev.Civ.Code arts. 2432, 150, and 155, and Williams v. Goss, 43 La.Ann. 868, 870, 9 So. 750, and that there was no good reason why the rule should be different when the suit for separation was in-

stituted by *husband* instead of *wife*. The Supreme Court said that there was "much force in the reasoning of our learned Brother," but that it was unnecessary for it to decide *that* point in the case, because the extrajudicial partition of the community property complained of and which the *husband* sought to annul had been voluntarily entered into by him and, moreover, it was not shown that the basis of settlement proved prejudicial to him.

Then came the cited case of Gastauer v. Gastauer, 143 La. 749, 79 So. 326, which was before the court in 1918, and in which the Supreme Court definitely held that the judgment in favor of the wife in a suit for separation from bed and board retroacted to the date of filing suit, under Rev.Civ. Code art. 2432, so that neither the costs of suit taxed against the husband nor a third person's judgment against the husband for a debt accrued *after* the wife's institution of suit aré chargeable to the community, but are *his separate debts*.

█ There can be no serious doubt that, in the light of these cited decisions: ' (1) The wife, without express or implied authorization of her husband, was without power to contract debt binding upon the community *during its existence;* (2) she had the recognized legal right to sue her husband for separation from bed and board or divorce, and the judgment which she obtained retroacted "as far back as the day on which the petition for the same was filed" and carried with it "separation of goods and effects"; (3) *during the existence* of the community, whether before the filing of the suit, when the community was "active" or after such filing but before rendition of such judgment, when the community was quiescent or dormant, the wife, in the exercise of her said recognized legal right to sue for separation from bed and board or divorce, with attendant dissolution of the community, was permitted to charge against said community the attorney's fees and court costs incurred by her.

Neither can there be serious doubt that this "permitted" right was recognized for no other reason than, as observed in Benedict v. Holmes, i. e., a wife possessing no separate property would be vested with but a "barren right" were it not competent for her to charge the fees of the attorney employed to press her acknowledged legal right, as well as court costs, to the community.

*Then* the case of Benedict v. Holmes is authority having reference only to an "exceptional" state of facts. Otherwise, the law applicable to the claim asserted against Sternfels, the husband, by Dr. Dauterive, is not affected in the least.

The case of Gosserand v. Monteleone, 159 La. 316, 105 So. 356, 358, 42 A.L.R. 310, decided in 1925, was up on appeal from a judgment dismissing the plaintiff's suit on an exception of no cause of action. The suit was that of an attorney seeking to recover from the husband, on a quantum meruit, for services rendered the wife in her suit for separation from bed and board, which had automatically come to an end by the reconciliation of the parties.

Said the Supreme Court, after a full consideration of the case of Benedict v. Holmes, and relevant cases,

"There can be no difference in principle between the instant case and the cases in which the right of recovery was recognized, where the wife was successful in dissolving the community, as where she was likewise successful in restoring a dissolved community.

"Taking the allegations of the plaintiff's petition as true, the wife was justified in instituting her suit for separation and her action, as well as that of her counsel, was had in perfect good faith. It may be that the suit itself had something to do with bringing about the reconciliation. At all events the result was gratifying—the conjugal relations were restored and the matrimonial community was preserved. We find, therefore, no sound reason in law or in morals why the husband should not pay a reasonable fee to the counsel for the services rendered."

The court's decree, from which three of the justices dissented, annulled and set aside the judgment of the lower court, overruled the exception of no cause of action, and remanded the case for trial.

The case of Lester v. Lester, 160 La. 708, 107 So. 499, decided in 1926, held, on authority of Benedict v. Holmes and Gosserand v. Monteleone, supra, that on a decree in favor of the wife in her suit for separation from bed and board, her attorney's fees were properly taxed as charges against the community.

The Vicknair v. Terracina Case, 168 La. 417, 122 So. 276, was decided in 1929. It involved litigation resulting from the at-

tempt to settle the community of acquêts and gains which had been dissolved theretofore by the judgment of separation from bed and board, which had been reviewed and affirmed by the Supreme Court in 1927, 164 La. 117, 113 So. 787.

The district court had allowed, as a charge against the community, attorney's fees and cost of printing the Supreme Court briefs incurred by the wife; and there was no complaint as to these allowances, said the Supreme Court.

The judge, however, had also allowed as a charge against the community, on behalf of the husband, similar expenses; by him reduced to an amount less, in the aggregate, than that covered by the first-mentioned allowance.

The wife contended that this was error, and sought to have the judgment, on this score, reversed. On authority of Munchow v. Munchow, 136 La. 753, 67 So. 819, the Supreme Court approved the award of the district court.

The wife also complained that the trial court erred in taxing the costs of the litigation having for its object the settlement of the community affairs against the community, but the Supreme Court, naturally, also approved this as correct, since the settlement was for the benefit of both parties litigant, was sought by both, and was due each by reason of the previous legal dissolution of the community.

This Vicknair-Terracina Case, plainly adds nothing in the consideration of the question at issue in *this* present case.

The plaintiff appellee was and is entitled to recover of the defendant Sternfels nothing more than the balance of $27 still due on the Dauterive 1932 bill of $35, with interest thereon at 5 per cent. per annum from judicial demand, until paid; his 1934 charges of $374.50, representing the expenses incurred with him by the defendant's wife, were and are not properly chargeable to the community, with defendant personally responsible therefor.

For the reasons assigned, it is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is hereby, amended by reducing the amount thereof from $401.50 to $27, bearing interest at the rate of 5 per cent. per annum from judicial demand, until paid, and, as thus amended, it is now affirmed; the costs of appeal to be paid by the appellee, and all other costs by the appellant.