HIGGINS, Justice.
 

 The husband instituted suit against his wife for an absolute divorce. She filed a rule against him therein, alleging that she was without any means of support and in necessitous circumstances, and prayed for alimony during the pendency of the suit. The rule was tried on May 13, 1941, and judgment was entered the following day condemning the plaintiff to pay to his wife alimony in the sum of $25 per month, beginning April 25, 1941, the date the action was filed. A motion for a new trial was overruled and the husband took a suspensive appeal from the judgment awarding alimony pendente lite and perfected it by properly furnishing bond and filing the transcript of the case in this Court. The wife died on November 28, 1941, and her legal representative was duly substituted as party appellee.
 

 On February 11, 1942, the day that this case was argued before us, the plaintiff filed a plea in abatement on the ground that under the law alimony pendente lite is awarded the wife for her personal support and maintenance and, therefore, being a personal award, which was uncollected, it abated upon her death.
 

 We have not been favored with oral argument nor any brief in behalf of the appellee.
 

 The alimony in- the instant case was awarded to the wife by the judgment of the district court under the provisions of Article 148 of the Revised Civil Code, as amended by Act 130 of 1928, which provides :
 

 * *
 
 If the wife has not a sufficient income for her maintenance pending the suit
 
 for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant,
 
 a sum for her support, proportioned to her needs and to the means of her husband.”
 
 (Italics ours.)
 

 Conceding that the plea of abatement in this case is not well founded but without deciding that issue, a view most favorable to. the appellee,-we shall pass to a consideration of the question of whether or not the judgment of the lower court awarding alimony pendente lite is correct.
 

 The record shows that the plaintiff was engaged in trapping and farming and prior to his marriage to the deceased, he had saved several thousand dollars; that after his marriage, he spent a large portion
 
 *429
 
 of this money for lands, the title to a part of which was placed in the name of his wife; that there was no issue of the marriage ; that the couple lived in humble surroundings and were unaccustomed to any luxury; that their social.life was on a very simple and modest scale ; that in 1941, the plaintiff purchased a new Buick Sedan which cost him in excess of $1,400; that when his wife abandoned him, she took with her the automobile, as well as all her clothing and personal effects which he had purchased for her; that she obtained employment at her father’s place of business, earning the sum of $15 per month, plus her board and lodging; that after the separation of the parties and at the time of the trial of the rule for alimony, the husband was earning $8 per month, plus his board, as a field hand on a farm; that the lands he had purchased were nonrevenue bearing; that he had no other source of income except the $8 which he received as wages; and that he had about $1,500 in cash.
 

 Under these circumstances and facts, can it be said that the wife was without sufficient income for her maintenance pending the suit and that the amount of $25 per month alimony awarded to the wife by the trial judge was in proportion to her needs and the means of her husband.
 

 There was no showing that the wife had any need for more than the $15 per month income, in addition to her board and lodging, to maintain her in the manner she was accustomed to while living with her husband. It does not appear from the record that she was ill and in need of any medical attention, or that there were any unusual circumstances requiring the expenditure of any greater sum of money for her support. In view of these facts, it is our opinion that the wife had sufficient income for her needs and maintenance pending the suit and that the trial court erroneously awarded her alimony. Shipp v. Shipp, 180 La. 881, 158 So. 5; Reichert v. Lloveras, 188 La. 447, 177 So. 569; French v. Wolf, 181 La. 733, 160 So. 396; Abbott v. Abbott, 199 La. 65, 5 So.2d 504; Fortier v. Gelpi, 195 La. 449, 197 So. 138.
 

 For the reasons assigned, the judgment appealed from is annulled and set aside and the rule for alimony is dismissed; all costs of court to await the final disposition of the remaining issues in the case.
 

 O’NIELL, C. J.,
 

 is of the opinion that this suit has become a moot case because, not only is the claim for alimony pendente lite abated, but the suit itself, being a suit for divorce, is abated by the death of one of the parties.