SAVOY, Judge.
This suit was instituted by several plaintiffs for medical expenses incurred by defendant's wife after defendant and his wife were judicially separated. The medical expenses were incurred in the ealy part of 1968. On November 10, 1967, by judgment of the district court, the parties were granted a legal separation. In this decree the wife was granted alimony at $80.00 per month. Defendant filed an exception of no cause or right of action and also a motion for summary judgment in the instant case. An examination of the Minutes indicates that both the exception and motion were heard on the same day. The judgment in the instant case was rendered and signed on February 2, 1970; the motion for summary judgment was sustained; and plaintiff’s suit was dismissed.
In brief counsel for plaintiff contends that defendant is responsible for the medical expenses incurred prior to the judgment of divorce; that since the parties are husband and wife until the divorce decree, defendant is responsible for medical expenses incurred during the marriage in addition to the award of alimony in the separation decree for the reason that medical expenses are necessary and the incurring thereof was not foreseen at the time of the alimony award.
We note in the case of Vestal v. Vestal, 216 So.2d 386 (La.App. 3 Cir. 1968), the defendant wife filed a rule for an increase in alimony and asked for additional alimony because of medical expenses incurred. On this showing the district court increased the alimony from $80.00 to $100.-00 per month. On appeal we affirmed the judgment of the district court.
Counsel for appellant relies on Overton v. Nordyke, 10 La.App. 317, 120 So. 544 (1929), which is distinguished from the instant case. In Overton, supra, a physician sued the defendant for medical services rendered to his wife. Defendant refused to pay on the grounds that his wife had abandoned him, and he had been ordered by the Juvenile Court of Orleans Parish, Louisiana, to pay his wife a monthly sum as alimony ; and that this was the limit of his obligation to his wife directly or for her necessities. The district court allowed the plaintiff to recover. The appellate court affirmed. The Court of Appeal held that the wife was presumed to be her husband’s agent for the purpose of contracting for necessaries, and this presumption would continue until the happening of some event which would have the effect of changing the legal situation, and the burden of proving the effect of any changes would be on the husband. As we read the opinion, no separation suit was ever instituted by the parties, and the community had not been dissolved; whereas in the instant case the judgment of separation dissolved the community. LSA-C.C. Art. 155.
*807 In support of his position defendant cites the case of Dauterive v. Sternfels, 164 So. 349 (La.App. 1 Cir. 1935), wherein plaintiff sued defendant for medical expenses incurred by his wife in June, July and August, 1934. Defendant refused to pay because his wife had filed a separation suit against him on April 18, 1934; that she had been granted alimony pendente lite, and all but $27.00 had been incurred by the wife subsequent to the filing of the separation suit. The district court awarded plaintiff the sum sued for. On appeal the Court of Appeal awarded plaintiff $27.00, the amount of medical expenses incurred prior to the filing of the separation suit. The Court, citing numerous Louisiana Supreme Court decisions, stated that the filing of the separation suit had the legal effect of eventually dissolving the community. LSA-C.C. Art. 155. The Court further stated that said judgment of separation, insofar as it was to dissolve the community, was retroactive to the date of the filing of the suit for separation, LSA-C.C. Art. 3432; that after the filing of the suit defendant could no longer contract any debt on account of the community, LSA-C.C. Art. 150.
In the instant case we not only have a separation suit filed, but have a judgment of separation dissolving the community under LSA-C.C. Art. 155 prior to the incurring of the medical expenses in question.
Counsel for appellant contends that his client should recover medical expenses incurred by the wife from the husband after a judgment for separation has been decreed by the court, and she has been granted alimony in said decree.
He bases his argument on LSA-C.C. Arts. 119 and 120. Article 119 provides that husband and wife owe to each other support and assistance. Article 120 states that the husband is obliged to furnish her whatever is required for the convenience of life according to his means.
In the instant case these articles are not applicable. The defendant’s wife had secured a judgment of separation and alimony had been fixed in that proceeding. The matter at that time was under the jurisdiction of the court and was governed by LSA-C.C. Art. 148 dealing with alimony.
An alimony judgment is always subject to change, and the wife may re-open the case to show a change in, circumstances. See our recent decision in Joubert v. Sylvester, 241 So.2d 30. However, we are of the opinion that the creditor cannot come in by direct action and claim a debt incurred by the wife after judgment of separation has been rendered and alimony fixed in said decree.
We are of the opinion that the district court properly granted defendant a summary judgment.
For the reasons assigned the judgment of the district court is affirmed at appellant’s costs.
Affirmed.