HEARD, Judge.
Rosana D. Willis Jones and John Paul Jones, Jr. were married on July 21, 1963 in Bossier City, Louisiana. The couple established and maintained their matrimonial domicile in Shreveport until about April 22, 1970 at which time the husband allegedly abandoned his wife without just cause. The union produced two children, aged seven and two. After the alleged abandonment the wife sued for separation of bed and board, seeking custody of the children and $350 per month alimony pendente lite for support of the wife and minor children. There was an award of alimony pendente lite in the amount of $250 divided $100 for the wife and $75 for each of the two children. The trial court awarded a separation as prayed for by the wife. Due to his failure to pay alimony as ordered by the court, contempt proceedings were filed by Mrs. Jones and the amount of $80 was decreed to be owing and made executory. The contempt proceedings were recalled. A rule to show cause why the award of alimony should not be reduced was filed by Mr. Jones alleging that he had been sentenced in the Juvenile Court of Caddo Parish, Louisiana to pay unto his first wife for the care and support of his two minor children born of that marriage, the sum of $40 on the first and fifteenth day of each month since the award was originally *843 made. The wife answered alleging that no showing was made of a change in Jones’ circumstances. The trial court found no change but granted a reduction. A rehearing was denied and the wife appealed.
The issue presented is¡ whether the reduction' of alimony in the absence of a showing of changed circumstances was proper.
The jurisprudence in Louisiana is uniform on the subject of reduction of alimony. Alimony is a temporary award not a final judgment. As such it is subject to revision at any time upon a proper showing of changed circumstances. Grimes v. Posecai, 175 La. 1, 142 So. 703 (1932); Shipp v. Shipp, 180 La. 881, 158 So. 5, (1934); Brown v. Harris, 225 La. 320, 72 So.2d 746 (1954); Holman v. Holman, 219 La. 138, 52 So.2d 524 (1951); Qvistgaard-Petersen v. Qvistgaard-Petersen, La.App., 135 So.2d 669 (2d Cir. 1961); St. Julien v. LeBlanc, La.App., 146 So.2d 296 (3d Cir. 1962); Festervan v. Festervan, La.App., 197 So.2d 423 (2d Cir. 1967); Zara v. Zara, La.App., 204 So.2d 76 (4th Cir. 1967).
The evidence reveals that the husband had been ordered to pay $80 per month to the children of his first marriage prior to the rendition of the judgment ordering him to pay child support to the children of his second marriage. This child support of his first marriage was listed among his expenses when the trial court fixed the amount due for support of the children of the second marriage. Therefore, there is no change in the circumstances of the parties except that the husband is making $75 jier month more than he was at the time the court fixed the. amount of $250 per month for the support of the wife and children and that would mitigate against his claim for reduction.
The trial judge has great discretion in changing the awards but he must do so only in light of changed circumstances. He cannot change an award because he originally set it too high or too low. If there was error it should be corrected on motion for a new trial or appeal and not on a rule to modify. McNeill v. McNeill, La.App., 223 So.2d 709 (4th Cir. 1969).
Therefore, it is now ordered adjudged and decreed that the judgment of the trial court ordering defendant John Paul Jones, Jr., to pay alimony in the sum of $60 per month for each of the minor children be annulled and the judgment of May 20, 1970 is reinstated whereby defendant is condemned to pay $250 per month alimony. The cost of the appeal is to be paid by ap-pellee.
Judgment on rule is vacated and the former judgment reinstated.